UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS   :  CIVIL ACTION NO.
        :  3:02 CV 01537 (AVC)
        :
        :
vs.       :
        :
        :
        :
MARVIN BRANDON   :  DECEMBER 9, 2003

## MOTION TO COMPEL DEPOSITION
## AND DOCUMENT PRODUCTION FROM PLAINTIFF

The Defendant, Marvin Brandon ("Defendant"), pursuant to Rule 37 of the Federal Rules

of Civil Procedure, hereby moves to compel the Plaintiff, Eveline Goins, to appear for her

deposition and produce documents responsive to the Defendant's Request for Production.

This is an action alleging violations of the Fair Debt Collection Practices Act. The action

arises out of the Defendant's alleged attempt to collect a debt with respect to certain alleged bad

checks written by the Plaintiff. Plaintiff claims to have received certain allegedly false or

misleading letters from the Defendant with respect to his alleged attempt to collect a debt left

unsatisfied by Plaintiff's alleged bad checks.

**A.  The Plaintiff Should Be Compelled To Appear At Her Deposition.**

On or about August 14, 2003, the Defendant served the Plaintiff with a notice of

deposition. The notice scheduled the Plaintiff's deposition for August 27, 2003. (See copy of

the deposition notice attached hereto as Exhibit A). Immediately upon receipt of the notice,

Plaintiff's counsel contacted the undersigned expressing concern that the Plaintiff's deposition

had been noticed to occur prior to the deposition of the Defendant, which had been previously

1

scheduled to proceed on September 5, 2003. Based on Plaintiff counsel's concerns, the undersigned assured Plaintiff's counsel in an email message dated August 14, 2003 that the Defendant's "intent has always been and remains to accommodate Ms. Goins' schedule by scheduling her deposition for some mutually convenient date AFTER Mr. Brandon's deposition." (Emphasis in the original).

Notwithstanding the undersigned's clear and unequivocal assurances to Plaintiff's counsel that the Defendant would not proceed with the deposition of the Plaintiff until after the deposition of the Defendant on September 5th, the Plaintiff and her counsel inexplicably appeared at the office of the undersigned on August 27, 2003 for the purported purpose of proceeding with the Plaintiff's deposition. Based on the prior communications between counsel, the undersigned was obviously unprepared to proceed with any such deposition.

On September 5, 2003, Plaintiff took the deposition of Marvin Brandon. At that time, Plaintiff's counsel asserted that the Defendant had "had [his] chance" to take the deposition of the Plaintiff on August 27, 2003. Thereafter, Plaintiff only agreed to be deposed if the deposition took place in New Haven, Connecticut, as opposed to the undersigned's offices in Southport, and the Defendant paid Plaintiff's and Plaintiff counsel's so-called "costs" for their appearance at the August 27th "deposition."

Despite Plaintiff's attempts to unilaterally impose conditions on the Defendant's clear right to take her deposition, the Defendant nonetheless served the Plaintiff with a notice of deposition on or about October 24, 2003. The notice scheduled the Plaintiff's deposition for November 13, 2003. (See copy of the deposition notice attached hereto as Exhibit B). As a courtesy to Plaintiff's counsel, the Defendant noticed the Plaintiff's deposition to take place at

Plaintiff counsel's business address at 123 Avon Street in New Haven. Unbeknownst to the undersigned, however, such address is also Plaintiff counsel's personal residence, and therefore was not a suitable location for the deposition.

Upon receiving the Defendant's notice of deposition, Plaintiff's counsel informed the undersigned that the 123 Avon Street address was not a suitable deposition location. At the same time, Plaintiff noticed the deposition of the Defendant's employer, Jack Boyajian, in a separate pending matter brought by the Plaintiff against the Defendant herein, Mr. Boyajian and an out-of-state law firm, JBC & Associates, LLC. Plaintiff noticed the deposition of Mr. Boyajian also for November 13, 2003, despite the fact that the deposition was with respect to a separate pending action. Accordingly, it was the understanding of the parties that Mr. Boyajian's deposition would proceed at the same time and place as the Plaintiff's deposition in this action. In this regard, Plaintiff noticed the deposition of Mr. Boyajian to take place at offices of Sanders, Gale & Russell, 437 Orange Street, New Haven, CT. (See copy of the deposition notice attached hereto as Exhibit C). Accordingly, Defendant was under the obvious understanding that the depositions of both the Plaintiff and Mr. Boyajian would proceed at offices of Sanders, Gale & Russell.

On November 10, 2003, the undersigned informed Plaintiff's counsel that Mr. Boyajian had an unavoidable conflict and could not appear for his deposition on November 13, 2003 in the other action. It is significant to note that Mr. Boyajian resides out-of-state in New Jersey. In response to being informed that Mr. Boyajian could not appear for his deposition, Plaintiff refused to appear for her deposition in this action based on the assertion that the Defendant had never formally re-served a notice of deposition for an address other than 123 Avon Street, New

3

Haven, CT. This was so despite the seemingly clear understanding leading up to the November 13th depositions of the Plaintiff and Mr. Boyajian that the depositions would proceed at the offices of Sanders, Gale & Russell. Accordingly, while the Plaintiff has already been afforded the opportunity to depose the Defendant, she has utilized cat and mouse tactics to obstruct and thwart the Defendant on multiple occasions from taking her deposition and discovering the very basis of her claims. The Plaintiff should be compelled to appear at her deposition.

**B.    The Plaintiff Should Be Compelled To Produce Documents Responsive To The Defendant's Request For Production.**

The Plaintiff has utilized similar tactics to completely deny the Defendant document discovery as well. On or about August 1, 2003, the Defendant served the Plaintiff with a Request for Production via first class mail. (See copy of the Request for Production attached hereto as Exhibit D). The Request sought, among other things, all communications between the Plaintiff and the Defendant, including the allegedly offending letters from Defendant to the Plaintiff.

By email message dated September 23, 2003, the undersigned inquired from Plaintiff's counsel as to the status of the Plaintiff's overdue responses to the Defendant's Request for Production. Plaintiff's counsel replied by claiming that she never received the Defendant's Request. The undersigned immediately forwarded the Request for Production to Plaintiff's counsel by email dated September 24, 2003, leaving no doubt as to Plaintiff's receipt of the Defendant's Request for Production.

On or about October 24, 2003, the undersigned again inquired as to the status of the Plaintiff's responses to the Defendant's Request for Production. Again resorting to gamesmanship that has nothing to do with the merits of this action, the Plaintiff took the position

that the forwarding of the Request for Production by email did not constitute "service" and therefore the Request did not warrant a response.  Accordingly, in a final attempt to avoid a motion to compel, the Defendant served the Plaintiff with the Request for Production by certified mail on or about October 24, 2003.[1]

On or about November 24, 2003, Plaintiff filed unresponsive, blanket objections to the Defendant's Request for Production, claiming that any response to the Request was due after the discovery deadline of November 15, 2003.  Plaintiff asserted such an objection knowing that Defendant had previously attempted to serve such a Request for Production on or about August 1, 2003, which Plaintiff claimed to have never received, and Plaintiff had in fact actually received such Request by email on September 24, 2003.

As a result of the foregoing tactics, Plaintiff has never produced the allegedly offending letters or any other documents on which she bases her claims, either through discovery or, for that matter, as part of any initial disclosures under Federal Rule 26(a)(1).  Plaintiff should be compelled to produce documents responsive to the Defendant's Request for Production.

The undersigned counsel certifies in accordance with Federal Rule 37 that the undersigned has attempted to confer in good faith with Attorney Joanne Faulkner, counsel for the Plaintiff, to secure the disclosure sought herein without court action, and such efforts have been unsuccessful.

---

[1] Notwithstanding, it remains the position of the Defendant that the Request for Production was in fact served by first-class mail on or about August 1, 2003, and any later attempts to provide the Request for Production to the Plaintiff were made merely to accommodate and remove any issue with Plaintiff's counsel in view of her claim that she never received the initial mailing of the Request.

WHEREFORE, the Defendant requests a court order:

(1)    Requiring the Plaintiff to appear for her deposition;

(2)     Requiring the Plaintiff him to produce documents responsive to the Defendant's

Request for Production;

(3)    Awarding the Defendant the costs of this Motion to Compel, including a

reasonable attorneys' fee; and

(4)    Such other and further different relief that the court may deem just and equitable.

THE DEFENDANT,

By: _____
        Sabato P. Fiano (Ct 18879)
        Kleban & Samor, P.C.
        2425 Post Road
        Southport, CT 06890
        (203) 254-8963

6

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 9th day of December 2003, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

_____
Sabato P. Fiano

7



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS                    :        CIVIL ACTION NO.
                                 :        3:02 CV 01537 (AVC)
                                 :
                                 :
vs.                              :
                                 :
                                 :
                                 :
MARVIN BRANDON                   :        AUGUST 13, 2003

## NOTICE OF DEPOSITION

The Defendant, in accordance with Fed. R. Civ. P. 30 and 45, hereby gives notice

that his attorney will take the deposition of the plaintiff, Eveline Goins, on August 27,

2003, commencing at 10:00 a.m. at the law offices of Kleban & Samor, P.C., 2425 Post

Road, Southport, Connecticut 06890, before Goldfarb & Ajello, court reporters, or other

competent authority, to be used in the trial of this matter.

The deposition will continue from day to day until concluded.  Parties are invited

to attend and cross-examine the deponent.

THE DEFENDANTS,

By:_____
        Jonathan D. Elliot (Ct 05762)
        Sabato P. Fiano (Ct 18879)
        Kleban & Samor, P.C.
        2425 Post Road
        Southport, CT 06490
        (203) 254-8963

1

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, via certified mail, return receipt requested and via Federal Express priority overnight mail this 13th day of August 2003, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

Sabato P. Fiano

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, via certified mail, return receipt requested and via Federal Express priority overnight mail this 13th day of August 2003, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

Sabato P. Fiano



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO.<br>3:02 CV 01537 (AVC) |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| MARVIN BRANDON | : | OCTOBER 24, 2003 |

## NOTICE OF DEPOSITION

The Defendant, in accordance with Fed. R. Civ. P. 30 and 45, hereby gives notice that his attorney will take the deposition of the plaintiff, Eveline Goins, on November 13, 2003, commencing at 10:00 a.m. at the law offices of Joanne S. Faulkner, Esq., 123 Avon Street, New Haven, CT 06511, before Goldfarb & Ajello, court reporters, or other competent authority, to be used in the trial of this matter.

The deposition will continue from day to day until concluded. Parties are invited to attend and cross-examine the deponent.

THE DEFENDANTS,

By: _____

Jonathan D. Elliot (Ct 05762)
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8963

1

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, via certified mail, return receipt requested and via Federal Express priority overnight mail this 24th day of October 2003, to:

        Joanne S. Faulkner, Esq.
        123 Avon Street
        New Haven, CT 06511

                        _____
                        Sabato P. Fiano

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                    CASE NO. 3:02CV 1069 (MRK)

JBC & ASSOCIATES ET AL.                        October 29, 2003

NOTICE OF DEPOSITION

PLEASE  TAKE NOTICE that the plaintiff will  take  the deposition of  defendant Boyajian on

the 13th day of  November, 2003, at  11:00 A.M.  to be held at the Offices  of  Sanders, Gale &

Russell, 437 Orange Street, New Haven CT before a competent authority.  Thereafter, examination

will continue from day to day until completed.

You are invited to attend and cross-examine.

THE PLAINTIFF

BY _____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT  06511-2422
(203) 772-0395
j.faulkner@snet.net

D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS                          :          CIVIL ACTION NO.
                                      :          3:02 CV 01537 (AVC)
                                      :

vs.                                  :
                                      :
                                      :

MARVIN BRANDON                   :          AUGUST 1, 2003

## REQUESTS FOR PRODUCTION

The Defendant, Marvin Brandon ("Defendant"), hereby requests that the Plaintiff

provide counsel for Defendant with the following documents within thirty (30) days of

the date hereof, in accordance with the definitions set forth in Local Rule 26 and Fed. R.

Evid. 1001. These requests shall be deemed continuing so as to require supplementary

production if you obtain further responsive documents up until the time of trial.

## INSTRUCTIONS

1.     These requests shall be deemed to be continuing until the time of trial and require

updating as necessary to reflect new information obtained by the Plaintiff or her attorney.

2.     If you object to or otherwise decline to respond to any portion of a request,

provide all information called for by that portion of the request to which you do not

object or which you do not decline to answer.

3.     If you object to a request on the ground that it is too broad (i.e., that it calls for

information, some of which is relevant to the subject matter of the action and some of

which is not), provide such information which is concededly relevant

4.    If you object to a request on the ground that to provide the requested documents would constitute an undue burden, provide such requested information as can be supplied without undertaking an undue burden.

5.    For those portions of any request to which you object or otherwise decline to answer, state the reason for your response.

6.    If you claim that any documents or information requested are privileged or otherwise protected from discovery, you shall nonetheless provide the following information:

      a.    The person asserting the privilege/protection claim;

      b.    The nature of the privilege/protection claim;

      c.    The factual and legal basis for the privileged claim or specific statutory authority which provides the basis for the failure to respond.

## DOCUMENT REQUESTS

1.    All documents evidencing communications between Marvin Brandon or JBC Associates, P.C. and you or your attorney concerning or relating to the alleged debt to Marshalls-Marmax referred to in your complaint.

2.    All documents evidencing communications between you or your attorney and the creditor concerning or relating to the alleged debt to Marshalls-Marmax referred to in your complaint.

3.      All returned or cancelled checks concerning or relating to any payments or attempted payments regarding the alleged debt to Marshalls-Marmax referred to in your complaint.

4.      A copy of your petition in bankruptcy and any schedules submitted therewith or attached thereto, including but not limited to Schedules regarding assets, claims, exemptions and creditors.

5.      All documents reflecting or evidencing any actual damages you claim to have suffered as a result of the allegations in your complaint, including but not limited to all medical, psychiatric, psychological or other records and/or billing statements reflecting any professional treatment and/or medication you have received.

6.      All documents provided by you to Attorney Joanne Faulkner, or any other attorney, concerning or relating to the allegations of your complaint or the alleged debt to Marshalls-Marmax referred to in your complaint.

7.      All account statements regarding any checking account maintained by you during the period from January 1, 1996 to December 31, 1996.

THE DEFENDANT,
MARVIN BRANDON


By: _____

Jonathan D. Elliot (Ct 05762)
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06490
(203) 254-8963


## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 1st day of August, 2003, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511


_____
Sabato P. Fiano

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS                :       CIVIL ACTION NO.
                            :       3:02 CV 01537 (AVC)
                            :

vs.                       :

                            :

MARVIN BRANDON         :       DECEMBER 9, 2003

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL
DEPOSITION AND DOCUMENT PRODUCTION FROM PLAINTIFF**

The Defendant hereby files this memorandum of law in support of his Motion to Compel

the Plaintiff, Eveline Goins, to appear for her deposition and produce documents responsive to

the Defendant's Request for Production.

This is an action alleging violations of the Fair Debt Collection Practices Act. The action

arises out of the Defendant's alleged attempt to collect a debt with respect to certain alleged bad

checks written by the Plaintiff. Plaintiff claims to have received certain allegedly false or

misleading letters from the Defendant with respect to his alleged attempt to collect on a debt left

unsatisfied by Plaintiff's alleged bad checks.

The facts relevant to this memorandum are fully set forth in the accompanying Motion to

Compel, filed simultaneously herewith.

**Argument**

Federal Rule 37 establishes a flexible means by which a court may enforce compliance

with the Federal discovery procedures through a broad choice of remedies and penalties.

Independent Productions Corp. v. Loew's, Inc., 283 F.2d 730 (2d Cir. 1960); Societe

Internationale Pour Participations Industrielles v. Rogers, 357 U.S. 197, 207 (1958). District

judges have broad discretion in imposing sanctions under Rule 37 for a party's failure to

cooperate with discovery. Corporation of Lloyd's v. Lloyd's U.S., 831 F.2d 33, 36 (2d Cir.1987).

A Rule 37 motion to compel discovery is controlled by Federal Rule 26(b)(1), which sets

forth the standard against which the inquiries are to be measured. The scope of discovery

extends to "any matter, not privileged, which is relevant to the subject matter in the pending

action, whether it relates to the claim or defense of the party seeking discovery or to the claim or

defense of any other party." Fed. R. Civ. P. 26(b)(1). It is axiomatic that the discovery rules are

to be construed liberally in favor of the party seeking discovery. Hickman v. Taylor, 329 U.S.

495 (1947).

As more fully set forth in the accompanying Motion to Compel, Plaintiff has continually

attempted to thwart and obstruct the Defendant's right to take her deposition and seek the

disclosure of documents through "cat and mouse" tactics that have wholly deprived the

Defendant of any discovery whatsoever in this action. Under the circumstances of this case,

Defendant must be entitled to examine Plaintiff and, at a minimum, request and review the

documents upon which she bases her claims. Plaintiff has not so much as produced the very

letters that she claims violate the Fair Debt Collection Practices Act, either by way of discovery

or initial disclosures pursuant to Federal Rule 26(a)(1). At the same time, Plaintiff has received

the benefit of discovery from the Defendant, including but not limited to having been afforded to

opportunity to depose the Defendant. Defendant will be manifestly and irreparably prejudiced

with respect to asserting or opposing any dispositive motion in this action as a result of the

Plaintiff's tactics. Accordingly, the Defendant's Motion to Compel should be granted.

THE DEFENDANT,


By: _____
   Sabato P. Fiano (Ct 18879)
   Kleban & Samor, P.C.
   2425 Post Road
   Southport, CT 06890
   (203) 254-8963


## CERTIFICATION

   This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 9th day of December 2003, to:

   Joanne S. Faulkner, Esq.
   123 Avon Street
   New Haven, CT 06511



_____
Sabato P. Fiano

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS                    :           CIVIL ACTION NO.
                                 :           3:02 CV 01537 (AVC)
                                 :
                                 :
vs.                              :
                                 :
                                 :
                                 :
MARVIN BRANDON                   :           DECEMBER 9, 2003

## MOTION TO MODIFY SCHEDULING ORDER

The Defendant herein moves for an enlargement of the time periods in the existing scheduling order, as follows:

(1)     Dispositive Motions, if any: Thirty (30) days after the completion of any

        discovery ordered by the Court pursuant to Defendant's Motion to Compel, filed

        simultaneously herewith, whichever is later; and

(2)     Joint Trial Memorandum: Forty-five (45) days after the completion of any

        discovery ordered by the Court pursuant to Defendant's Motion to Compel, filed

        simultaneously herewith, or thirty (30) days after final ruling on any dispositive

        motion, whichever is later.

The reason for the requested modification is that additional time is needed to resolve certain disputes concerning outstanding discovery that may be relevant to any dispositive motions in this case. Defendant has filed a Motion to Compel the Plaintiff to appear at a deposition and produce documents responsive to the Defendant's Request for Production.

1

Rulings on Defendant's Motion to Compel could have an effect on the making of or opposition to any dispositive motion. Indeed, Defendant will be manifestly and irreparably prejudiced with respect to asserting or opposing any dispositive motion in this action as a result of the Plaintiff's tactics more fully outlined in the Defendant's Motion to Compel. Accordingly, the additional time is necessary to allow for the Court to rule upon said Motion.

THE DEFENDANT,

By: _____

Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06890
(203) 254-8963

2

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 9th day of December 2003, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

_____
Sabato P. Fiano

3