UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO.<br>3:02 CV 01537 (AVC) |
| vs. | : | |
| MARVIN BRANDON | : | DECEMBER 15, 2003 |

FILED
2003 DEC 15 P 3: 08
US DISTRICT COURT
HARTFORD CT

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, the defendant, Marvin Brandon, moves for summary judgment on the basis that there is no genuine issue of material fact that the plaintiff's action is barred by the rule against splitting causes of action in view of the pendency of another action entitled *Eveline Goins v. JBC & Associates, P.C., Jack H. Boyajian and Marvin Brandon.*, Civil Action No. 3:02 CV 1069 (MRK), now pending in the United States District Court of the District of Connecticut and based upon the same nucleus of operative facts and same legal theories as asserted in this action.

In support of this Motion, the defendant refers the Court to and/or submits herewith the following:

(1) Defendant's Local Rule 56(c)(1) Statement of Material Facts As To Which There Is No Dispute;

(2) Defendant's Memorandum of Law In Support Of Motion for Summary Judgment;

(3) The contents of file of the Prior Action, of which this Court is entitled to take judicial notice;

(4) Plaintiff's Complaint in the Prior Action, filed on June 20, 2002;

(5)   Plaintiff's First Set of Interrogatories, First Request for Production and Request for Admissions served in the Prior Action, dated October 7, 2002; and

(6)   Plaintiff's First Set of Interrogatories, First Request for Production and Request for Admissions served in this action, dated February 11, 2003.

        THE DEFENDANT,

By: _____
       Sabato P. Fiano (Ct 18879)
       Kleban & Samor, P.C.
       2425 Post Road
       Southport, CT 06890
       (203) 254-8963

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 15th day of December 2003, to:

> Joanne S. Faulkner, Esq.
> 123 Avon Street
> New Haven, CT 06511

_____
Sabato P. Fiano

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

DISTRICT OF CONNECTICUT

EVELINE GOINS

V.

JBC & ASSOCIATES, P.C.
JACK H. BOYAJIAN
MARVIN BRANDON

SUMMONS IN A CIVIL CASE

CASE NUMBER: **302CV1069**

TO: (Name and address of defendant)

JBC & ASSOCIATES, P.C.
JACK H. BOYAJIAN
MARVIN BRANDON
2 Broad St, 6th floor
Bloomfield NJ 07003-2591

**YOU ARE HEREBY SUMMONED** and required to serve up on PLAINTIFF'S ATTORNEY (name and address)

JOANNE S. FAULKNER
123 AVON STREET
NEW HAVEN CT 06511

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within reasonable period of time after service.

True Copy
ATTEST:
KEVIN F. ROWE
Clerk, U.S. District Court
By _____ Deputy Clerk

KEVIN F. ROWE
CLERK

(BY) DEPUTY CLERK

DATE

A TRUE COPY
ATTEST:
NANCY F. MARINO
COUNTY OF HARTFORD

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

EVELINE GOINS

v.

JBC & ASSOCIATES, P.C.
JACK H. BOYAJIAN
MARVIN BRANDON

JURY TRIAL DEMANDED

CASE NO. 302CV1537

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1331 and § 1367.

3. Plaintiff is a natural person who resides in CT.

4. Plaintiff is a consumer within the FDCPA.

5. Each Defendant is a debt collector within the FDCPA.

6. The corporate Defendant has a place of business at 2 Broad Street 6th floor, Bloomfield NJ 07003-2591 which was not licensed pursuant to chapter 669 Part XII of the Connecticut General Statutes when communicating with plaintiff in an effort to collect a disputed personal debt to Wilson's Suede & Leather..

7. Each Defendant engaged in collection efforts and communicated with plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to plaintiff's disputed personal debt.

FIRST COUNT

8. In the collection efforts, each defendant violated the FDCPA, *inter alia*, § 1692e, -f, or -g.

## SECOND COUNT

9. Within three years prior to the date of this action each Defendant engaged in acts and practices as to plaintiff in violation of the Creditors' Collection Practices Act, §36a-645 *et seq.*, or the Consumer Collection Agency Act, § 36a-800 *et seq.* Conn. Gen. Stat.

10. Each Defendant has committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages for each communication against defendant;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide.

THE PLAINTIFF

BY _[signature]_
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.   CASE NO. 3:02CV 1069 (CFD)

JBC & ASSOCIATES, P.C.   October 7, 2002
JACK H. BOYAJIAN
MARVIN BRANDON

FIRST SET OF INTERROGATORIES

The plaintiff requests each defendant to respond to the following interrogatories under oath. Please see Local Rule 39 for definitions, except that "Identify" also means provide "desk" name or alias, and period during which employed by defendants. These interrogatories shall be deemed continuing so as to require supplementary answers if you obtain further information between the time answers are served and the time of trial.

1. Identify by code (if any), and date sent, all collection letters each defendant transmitted to plaintiff.

2. Identify the date and nature of all documents each defendant received from the plaintiff's creditor before you began collection efforts regarding the alleged debt you sought to collect.

3. Identify all your personnel involved in reviewing or drafting the form of letters sent in conjunction with the collection of plaintiff's alleged debt.

4. Identify all Connecticut attorneys to whom you have forwarded individual debts for collection in and after 1998.

5. Identify all FDCPA lawsuits to which you have been a party in and since 1998, including lawsuits under the JBC name ending in "Inc."

6. Set forth the number of collection letters signed, by facsimile or otherwise, by or on behalf of defendant Brandon during 2001 or provide your best estimate based on your records to the nearest 100.

7. Set forth the number of collection letters sent over defendant Brandon's signature or facsimile signature on November 22, 2001.

8. Identify all persons employed by JBC & Associates, P.C. at its New Jersey office during November 2001.

9. Identify all persons employed by JBC & Associates, P.C. at its New York office during November 2001.

10. Identify all persons employed by JBC & Associates, P.C. at its California office during November 2001.

11. Identify all persons employed by JBC & Associates, P.C. at its Massachusetts office during November 2001.

12. Identify Lori Brown.

13. Set forth all facts on which you base your affirmative defenses.

14. Identify the person(s) you dealt with at Wilson Suede & Leather during 2001.

15. If you dealt with an intermediary or forwarder, identify that entity and the person(s) you dealt with at each such entity.

16. State the date on which plaintiff refused to make restitution for any returned check to Wilson Sued & Leather.

17. Was there any doubt about plaintiff's identity or location as of November 22, 2001? If so, set forth all reasons to doubt either of those facts, such as returned mail, etc.

18. State the inclusive dates of your use of the letter whose code may be 4SDJBCA013.

19. State the number of times you contacted the Connecticut Department of Motor Vehicles during and after 2001, and what information you provided or obtained as a result of such contact.

THE PLAINTIFF

BY_____
JOANNE S. FAULKNER ct04137
   123 Avon Street
   New Haven, CT 06511-2422
   (203) 772-0395

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                          CASE NO. 3:02CV 1069 (CFD)

JBC & ASSOCIATES, P.C.                      October 7, 2002
JACK H. BOYAJIAN
MARVIN BRANDON

## FIRST REQUEST FOR PRODUCTION

The plaintiff requests each defendant to produce the following documents at the office of plaintiff's attorney within 30 days hereof. Please see the first set of interrogatories for instructions and definitions. If there are no such documents, please so state. If there are such documents, please list appended documents responsive to each request.

1. All documents transmitted <u>to</u> plaintiff by or on behalf of defendant with regard to plaintiff's alleged debt to Wilson Suede & Leather.

2. All documents transmitted to defendant by or on behalf of Wilson Suede & Leather with regard to plaintiff's alleged debt(s), including a copy of any returned check.

3. All form letters used to communicate with the Connecticut Department of Motor Vehicles during 2001 and 2002.

4. All manuals, procedures, and protocols used by defendant to comply with the Fair Debt Collection Practices Act.

5. All manuals, procedures, and protocols used by defendant to comply with the Connecticut Consumer Collection Agency license provisions.

6. All documents, or the form thereof identified in response to the first set of interrogatories.

7. All documents consulted in responding to the first set of interrogatories.

8. All documents concerning plaintiff's alleged debt and defendant's efforts to investigate and collect thereon, including internal collection records, audit records, and

4

correspondence.

9. All judgments, court opinions, complaints, and consent orders relating to each defendant or its predecessor and its acts or practices under the FDCPA in or after 1998.

10. Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payments made to satisfy the judgment.

11. All agreements with Wilson Suede & Leather and any intermediary or forwarder concerning collection of debts such as plaintiff's alleged debt.

12. All agreements with Wilson Suede & Leather and any intermediary or forwarder concerning purchase or guarantee of debts such as plaintiff's alleged debt

13. All communications with the Connecticut Department of Banking in and since 1998 related to licensing.

14. All document showing the change of defendant's name from one ending in "Inc." to one ending in "P.C."

15. All documents reflecting plaintiff's driver's license number.

16. All documents reflecting the policies of the Connecticut Department of Motor Vehicles in responding to your inquiries.

17. All documents reflecting plaintiff's consent to contact the Connecticut Department of Motor Vehicles.

18. All documents reflecting "further civil or criminal proceedings" initiated in Connecticut after correspondence with any Connecticut debtor.

19. All documents substantiating your affirmative defenses.

THE PLAINTIFF

BY _____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                                          CASE NO. 3:02CV 1069 (CFD)

JBC & ASSOCIATES, P.C.                          October 7, 2002
JACK H. BOYAJIAN
MARVIN BRANDON

### PLAINTIFF'S REQUEST FOR ADMISSIONS

Pursuant to Fed. R. Civ. P. Rule 36, Plaintiff requests each Defendant to admit, for the purposes of this action only, the truth of the following matters and the existence, genuineness and due execution of the referenced documents.

1. Each Defendant is a debt collector within the FDCPA.

2. No Defendant was licensed as a Consumer Collection Agency in Connecticut during 2001.

3. There was no returned check in the amount of $1971.80 to Wilson Suede & Leather.

4. No defendant had the ability to initiate civil proceedings against plaintiff.

5. No defendant had the ability to initiate criminal proceedings against plaintiff.

6. The Connecticut Department of Motor Vehicles is prohibited by federal law from responding to inquiries as to plaintiff's identity and location.

7. There is no factual basis for your statute of limitations defense.

8. Each Defendant drafted or used its form letters intentionally.

THE PLAINTIFF

BY _____/s/ Joanne S. Faulkner_____
JOANNE S. FAULKNER ct04137
   123 Avon Street
   New Haven, CT 06511-2422
   (203) 772-0395

7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.  CASE NO. 3:02CV 1537 (AVC)

MARVIN BRANDON  February 11, 2003

FIRST SET OF INTERROGATORIES

The plaintiff requests defendant to respond to the following interrogatories under oath. Please see Local Rule 26 for definitions. "Documents" includes electronic transmission, and writings and recordings as defined in Fed. R. Evid. 1001. These interrogatories shall be deemed continuing so as to require supplementary answers if you obtain further information between the time answers are served and the time of trial.

1. Identify by code (if any), and date sent, all collection letters defendant transmitted to plaintiff.

2. Identify the date and nature of all documents defendant received from the plaintiff's creditor before you began collection efforts regarding the alleged debt you sought to collect.

3. Identify all your personnel involved in reviewing or drafting the form of letters sent in conjunction with the collection of plaintiff's alleged debt.

4. Identify all Connecticut attorneys to whom you have forwarded individual debts for collection in and after 1998.

5. Identify all FDCPA lawsuits to which you have been a defendant in and since 1998.

6. Identify all FDCPA lawsuits in which you have been deposed or otherwise served as a witness, including testimony or affidavits.

7. Set forth the number of collection letters sent on a letterhead indicating that Marv Brandon was the source during 2001 or provide your best estimate based on your records to the nearest 100.

8. Identify Marv Brandon, and include the name of the firm of which he is an employee (response to complaint ¶ 6) including the inclusive dates of employment.

9. When and from what law school(s) did defendant obtain any legal degree such as J.D. or LLB?

10. In what states and on what dates was defendant admitted to practice law?

11. Where has defendant worked since being admitted to practice law?

12. Set forth all facts on which you base your affirmative defenses.  [12]

13. Identify Marshalls-Marmax.

14. Identify the person(s) you dealt with at Marshalls-Marmax during 2001.

15. State each date on which plaintiff refused to make restitution for any returned check to Marshalls-Marmax.

16. Was there any doubt about plaintiff's identity or location as of November 22, 2001? If so, set forth all reasons to doubt either of those facts, such as returned mail, etc.

(17) State the inclusive dates of your use of the letter whose code may be 4SDJBCA013.

18. State the number of times you contacted the Connecticut Department of Motor Vehicles during and after 2001, and what information you provided or obtained as a result of such contact.

2

19. Identify all documents you reviewed before sending plaintiff the letter dated Nov. 22, 2001.

20. Explain in detail your assertion of the "right to use any and all information we have obtained in further civil or criminal proceedings." For instance, What is the source or authority for such right? What further proceedings could defendant initiate?

21. Set forth in detail every occasion involving a Connecticut resident in which you used "any and all information we have obtained in further civil or criminal proceedings."

22. Set forth all information you had as of Nov. 22, 2001 which "establishes that a person using your name, address and/or drivers license obtained merchandise, presumably with fraudulent intent, by issuing a bad check(s)" to Marshalls-Marmax.

23. State the factual and legal basis for your assertion, "you may have authorized our client to inquire as to your identity and location" of the state motor vehicle department.

 

THE PLAINTIFF

BY _____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                            CASE NO. 3:02CV 1537 (AVC)

MARVIN BRANDON                                February 11, 2003

### FIRST REQUEST FOR PRODUCTION

The plaintiff requests defendant to produce the following documents at the office of plaintiff's attorney within 30 days hereof. Please see the first set of interrogatories for instructions and definitions. If there are no such documents, please so state. If there are such documents, please list appended documents responsive to each request.

1. All documents transmitted to plaintiff by or on behalf of defendant with regard to plaintiff's alleged debt to Marshalls-Marmax.

2. All documents transmitted to defendant by or on behalf of Marshalls-Marmax with regard to plaintiff's alleged debt(s), including a copy of any returned check.

3. All form letters used to communicate with the Connecticut Department of Motor Vehicles during 2001 and 2002.

4. All manuals, procedures, and protocols used by defendant to comply with the Fair Debt Collection Practices Act.

5. All manuals, procedures, and protocols used by defendant to comply with the Connecticut Consumer Collection Agency license provisions.

6. All documents, or the form thereof identified in response to the first set of interrogatories.

7. All documents consulted in responding to the first set of interrogatories.

8. All documents concerning plaintiff's alleged debt and defendant's efforts to investigate and collect thereon, including internal collection records, audit records, and correspondence.

9. All judgments, court opinions, complaints, and consent orders relating to defendant and his acts or practices under the FDCPA in or after 1998.

10. Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payments made to satisfy the judgment.

11. All agreements with Marshalls-Marmax and any intermediary or forwarder concerning collection of debts such as plaintiff's alleged debt.

12. All agreements with Marshalls-Marmax and any intermediary or forwarder concerning purchase or guarantee of debts such as plaintiff's alleged debt

13. All communications with the Connecticut Department of Banking in and since 1998 related to licensing.

14. All documents reflecting plaintiff's driver's license number.

15. All documents reflecting the policies of the Connecticut Department of Motor Vehicles in responding to your inquiries.

16. All documents reflecting plaintiff's consent to contact the Connecticut Department of Motor Vehicles.

17. All documents reflecting "further civil or criminal proceedings" initiated in Connecticut after correspondence with any Connecticut debtor.

18. All documents substantiating your affirmative defenses.

19. All documents involving a Connecticut resident in which you used "any and all information we have obtained in further civil or criminal proceedings."

20. All documents you had as of Nov. 22, 2001 which "establishes that a person using your name, address and/or drivers license obtained merchandise, presumably with fraudulent intent, by issuing a bad check(s)" to Marshalls-Marmax.

                            THE PLAINTIFF


                            BY _____
                            JOANNE S. FAULKNER ct04137
                              123 Avon Street
                              New Haven, CT 06511-2422
                              (203) 772-0395

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                          CASE NO. 3:02CV 1537 (AVC)

MARVIN BRANDON                              February 11, 2003

### PLAINTIFF'S REQUEST FOR ADMISSIONS

Pursuant to Fed. R. Civ. P. Rule 36, Plaintiff requests Defendant to admit, for the purposes of this action only, the truth of the following matters and the existence, genuineness and due execution of the referenced documents.

1. There were no returned check or checks amounting to $4811.36 to Marshalls-Marmax.

2. Defendant was not licensed to practice law in Connecticut during or after 2001.

3. Defendant had no ability to initiate criminal proceedings against plaintiff.

4. The Connecticut Department of Motor Vehicles is prohibited by federal law from responding to inquiries as to plaintiff's identity and location.

5. You did not contact the Connecticut Department of Motor Vehicles about plaintiff.

6. There is no factual basis for your statute of limitations defense.

7. Defendant drafted or used his form letters intentionally.

8. Defendant did not see or sign the letter of Nov. 22, 2001 before it was sent to plaintiff.

9. Defendant did not review any documents concerning plaintiff's alleged debt before the letter of Nov. 22, 2001 was sent to plaintiff.

10. Defendant's office prepared the letter of Nov. 22, 2001 for transmission to plaintiff.

THE PLAINTIFF

BY _____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395