FILED

2003 DEC 15 P 3: 08

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS                :    CIVIL ACTION NO.
                             :    3:02 CV 01537 (AVC)
                             :
vs.                          :
                             :
                             :
MARVIN BRANDON               :    DECEMBER 15, 2003

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

#### Preliminary Statement

  This is an action asserted pursuant to the Fair Debt Collection Practices Act ("FDCPA") and various consumer-related state statutes. The Defendant, Marvin Brandon ("Defendant"), is an attorney employed by an out-of-state law firm, JBC & Associates, Inc. ("JBC"). Plaintiff alleges that the Defendant violated the FDCPA by virtue of certain collection activity directed at the Plaintiff regarding certain dishonored checks written by the Plaintiff and placed with JBC for collection. More specifically, Plaintiff claims that the Defendant, acting as JBC's employee, violated the FDCPA for the reason that he allegedly was not licensed as a consumer collection agency with the Connecticut Banking Department at the time of the collection activity directed at the Plaintiff.

  Plaintiff's claims of "non-licensed" collection activity by the Defendant are already the subject of a separate, pending action previously commenced in this district entitled *Eveline Goins v. JBC & Associates, P.C., Jack H. Boyajian and Marvin Brandon.*, 3:02 CV 1069 (MRK) ("the Prior Action"). Both actions arise out of alleged collection efforts by the Defendant directed at the Plaintiff pertaining to

1

numerous dishonored checks written by the Plaintiff to two (2) retail store creditors. While the Prior Action deals with different dishonored checks than the instant case,[1] both actions raise the same claims under the same statutes based upon the same legal theories. Both cases concern the same dispute between the same parties giving rise to same alleged violation of the FDCPA – that JBC, or the Defendant Brandon, were not licensed as debt collectors in Connecticut at the time they communicated with the Plaintiff.

Rather than assert such clearly overlapping claims in one action, Plaintiff has filed separate actions presumably for the purpose of seeking a double recovery by way of separate claims for statutory damages and attorney's fees. The rule against splitting causes of action, however, mandates that such duplicative claims be asserted in a single action. Accordingly, the instant action is barred as a matter of law.

## STATEMENT OF FACTS AND PROCEEDINGS

The Plaintiff commenced the Prior Action on June 20, 2002, alleging violations of the FDCPA, the Connecticut Creditor Collection Practices Act, the Consumer Collection Agency Act and the Connecticut Unfair Trade Practices Act. The Plaintiff's sole factual allegation in the Prior Action is that JBC and the Defendant were not licensed as a consumer collection agency in Connecticut when they communicated with the Plaintiff in an effort to collect upon certain dishonored checks written by the Plaintiff to Wilson's Suede & Leather. (See Complaint in Prior Action, Para. 6).

---

[1] The Prior Action deals with certain dishonored checks written by the Plaintiff to Wilson's Suede & Leather checks, while the instant deals with dishonored checks written by the Plaintiff to Marshalls-Marmax.

On August 30, 2002, just two (2) months after filing the Prior Action, Plaintiff filed this action under the same statutes as the Prior Action. Like the Prior Action, the complaint here alleges that the Defendant was not licensed as a consumer collection agency in Connecticut when he communicated with the Plaintiff in an effort to collect upon certain dishonored checks written by the Plaintiff to Marshalls-Marmax. (See Complaint, Para. 7). The complaint further alleges that the Defendant violated the FDCPA by allegedly threatening to undertake certain collection activity in Connecticut when he was not licensed as a consumer collection agency in Connecticut. (See Complaint, Paras. 9-12).

The claims in the instant case and in the Prior Action involve the same collection activity between the Defendant and the Plaintiff, i.e. the collection of dishonored checks, giving rise to the same alleged violation of the FDCPA – Defendant communicating with the Plaintiff when he was allegedly not licensed as a consumer debt collector in Connecticut. The duplicative nature of Plaintiff's claims is evidenced by the Plaintiff's own discovery requests in each case. On or about February 11, 2003, the Plaintiff served Interrogatories, Requests for Production and Request for Admissions in this action. (See Plaintiff's First Set of Interrogatories, First Request for Production and Request for Admissions served in this action, dated February 11, 2003). The discovery requests sought virtually identical information to those discovery requests already served on the Defendant in the Prior Action, confirming that Plaintiff's claims in both actions are based on the same facts and evidence. (See Plaintiff's First Set of Interrogatories, First Request for Production and Request for Admissions served in the Prior Action, dated October 7, 2002).

Notwithstanding this clear overlap in claims, at no time during the first two months of the Prior Action did the Plaintiff seek to amend her complaint to include her claims in the instant case. Any

3

claims asserted in this action were available and readily apparent to the Plaintiff at the infancy of the Prior Action. Accordingly, the Defendant asserts in his Answer and Affirmative Defenses dated December 17, 2002 that "Plaintiff's claims are barred by the prohibition against splitting causes of action." (Fourth Affirmative Defense). The Defendant now seeks summary judgment on the basis of such Affirmative Defense.

## ARGUMENT

I.  **THE DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THE PLAINTIFF IS BARRED FROM SPLITTING HER CAUSE OF ACTION BETWEEN THE INSTANT CASE AND THE PRIOR ACTION.**

   A.  **The Standard For Summary Judgment**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. Pro. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once the moving party has carried its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show specific facts demonstrating that there is a genuine issue for trial. Celotex Corp. v. Cafrett, 477 U.S. 318, 324 (1986). Parties may not rely on the mere arguments of counsel to oppose summary judgment. E.g., Leggien v. Mealo, 484 F. Supp. 719 (E.D. Pa. 1980) [statements of counsel not cognizable]; Baker v. Chatham, 939 F. Supp. 782 (D. Haw. 1996). [legal

4

memoranda and oral argument are not evidence]; see also <u>Countryside Oil Co. v. Travelers Ins. Co.</u>, 928 F. Supp. 474 (D.N.J. 1995) [unauthenticated documents may not be relied on].

In determining whether there are any material questions of fact concerning the defendant's Fourth Affirmative Defense, this Court is entitled to take judicial notice of the proceedings from the Prior Action. See, e.g., <u>National Fire Insurance Co. v. Thompson</u>, 281 U.S. 331, 336 (1930) [a court is permitted to take judicial notice of related proceedings and records from other cases before that court]; <u>Day v. Moscow</u>, 955 F.2d 807, 811 (2d. Cir. 1992) [the court may properly take judicial notice of documents from a prior litigation to determine whether claims are barred by the prior litigation]; <u>Jacobsen v. AEG Capital Corp.</u>, 50 F.3d 1493, 1496 (9th Cir. 1496) [affirming a district's courts grant of summary judgment on grounds of claim and issue preclusion based on the district court's judicial notice of extensive records and transcripts from a prior bankruptcy proceeding involving the same parties]. Taking judicial notice of the proceedings from the Prior Action, it is without doubt as a matter of law that both the Prior Action and the instant action concern the same facts and evidence, and that any claim asserted here could have and should have been asserted in the Prior Action.

**B.    <u>The Rule Against Splitting Causes of Action.</u>**

It is well settled that a plaintiff is prohibited from splitting causes of action into multiple suits. <u>Alyeska Pipeline Service Company v. United States</u>, 688 F.2d 765, 769 (Court of Claims 1982); <u>International Railways of Central America v. United Fruit Company</u>, 373 F.2d 408, 417 (2d Cir. 1966); <u>Ritchie v. Landau</u>, 475 F.2d 151, 156 n. 5 (2d Cir. 1973). Indeed, the splitting of claims into multiple suits is legally fatal to the maintenance of the later-filed action. <u>Alyeska Pipeline Service Company</u>, supra, at 769 [granting partial summary judgment in favor of the defendant on claims that were barred

by the rule against splitting causes of action]; Myers v. Colgate-Palmolive Company, 102 F.Supp.2d 1208, 1224 (D. Kan. 2000) [granting a Federal Rule 12(b)(6) motion to dismiss plaintiff's ERISA claims based on the rule against splitting causes of action][2].

The long-recognized purpose of the rule against splitting causes of action is to preclude plaintiffs from prosecuting their claims piecemeal, United States v. Haitian Republic, 154 U.S. 118, 125 (1894), and avoid undue clogging of the court dockets. Ritchie v. Landau, supra, at 156 n. 5. Hence, a plaintiff must recover all damages arising from given operative facts in a single action. International Railways of Central America, supra, at 417. "[C]laim splitting cannot be justified on the ground that the two actions are based on different legal theories." Alyeska Pipeline Service Company v. United States, 688 F.2d at 769 citing 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure, Section 4411 (1981).

In Myers, supra, the plaintiff, a discharged employee, brought an age and sex discrimination case against her former employer. The plaintiff thereafter commenced a second action against her former employer alleging that it had violated the Employee Retirement Income Security Act ("ERISA") in terminating her. The two cases were ultimately consolidated. Myers, 102 F.Supp.2d at 1211. The defendant moved to dismiss the ERISA case after consolidation, arguing that it was barred because the plaintiff had impermissibly split her cause of action. Id. at 1224.

---

[2] In Myers, the court construed pleadings from a prior pending action as "themselves pleadings" and thus found that the defendant's motion to dismiss did not concern "matters outside the pleadings." To the extent that the defendant's motion here relies on pleadings and discovery requests filed in the Prior Action, the defendant treats its motion as a motion for summary judgment. Nevertheless, this Court has the discretion, if it deems appropriate, to treat this motion as a Federal Rule 12(b)(6) motion to dismiss and reach judgment on the merits by considering the contents of the files from both the Prior Action and the instant action. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

The <u>Myers</u> court dismissed the ERISA case, finding it arose out of the same nucleus of facts and substantially the same evidence as the prior discrimination action. In reaching its decision, the court summarized the purposes underlying the rule against splitting causes of action imposed by the federal courts:

> Here, plaintiff's age and sex discrimination case and her ERISA case arise out of the same transactional nucleus of facts, and would involve substantially the same evidence. Both complaints allege wrongs arising from the fact of her termination from employment, and both cases challenge Colgate's stated reasons for termination. Resolution of both cases would turn on the same primary issue, namely, what the defendant's real reason was for terminating the plaintiff. Under these circumstances, it is immaterial whether the two cases seek identical relief, or would both be tried to a jury.
>
> Permitting plaintiff to pursue her ERISA claims would frustrate the policies underlying the res judicata doctrine, put the parties to the cost and vexation of multiple lawsuits, deplete judicial resources, foster inconsistent decisions, and diminish reliance on judicial decisions. Plaintiff had an opportunity to amend her ADEA/Title VII complaint to add ERISA or other claims, but failed to do so. She cannot now seek to remedy this defect by bringing another suit naming the identical plaintiff, the identical defendant, and identical operative facts.
>
> <u>Myers</u>, supra, at 1224 (internal citations omitted).

### C.     The Instant Claims Are Based On The Same Nucleus Of Operative Facts And Substantially The Same Evidence As Plaintiff's Claims In The Prior Action.

A comparison of the Plaintiff's complaint and discovery requests in the instant action to those filed in the Prior Action reveals that both cases obviously concern the same central issue – whether the Defendant violated the FDCPA in allegedly communicating with the Plaintiff as to certain dishonored checks when Defendant was allegedly not licensed as a consumer collection agency in Connecticut. In this regard, the actions are virtually indistinguishable as a matter of fact, law and evidence. Both cases concern the same form of collection activity between the same parties and the same alleged dispute. As

Plaintiff's own discovery requests evidence, both claims are the subject of virtually identical (and thus duplicative) evidence. Plaintiff largely relies on many of the same facts regarding the Defendant's alleged failure to be licensed to prove both claims. Perhaps most importantly, both claims necessarily involve the same alleged damages, (i.e., damages in one case would be indistinguishable from damages in the other). Plaintiff cannot recover the same damages twice. In fact, a judgment in favor of the Defendant in the Prior Action would almost certainly have res judicata effect in this case. See <u>Expert Electric Inc. v. Levine</u>, 554 F.2d 1227, 1234 (2d Cir. 1977) (discussing what constitutes the same cause of action for res judicata purposes):

> The Second Circuit has adopted a broad view of what constitutes the same cause of action. Actions need not be identical; they only need be integrally related. In assessing claims, the Court considers several related factors, not one of which is necessarily dispositive, including: (1) whether the same transaction or connected series of transactions is at issue; (2) whether the same evidence is needed to support both claims; and (3) whether the facts essential to the first action were present in the first." ... The crucial element in determining whether a newly asserted claim is based on the same cause of action as a previously decided claim is the factual predicate of the several claims asserted. For it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.

Accord <u>Wilkins v. Jakeway</u>, 183 F.3d 528, 532, n. 4 (6th Cir. 1999) (internal citations omitted).

> Both the FCA and First Amendment actions clearly encompassed the same set of facts--whether Wilkins was wrongfully discharged for airing complaints about the misuse of funds and the Audit Office's contribution to that alleged abuse. It is clear to this panel that the Plaintiff advanced two separate theories in two separate suits before two different courts for one common set of facts. This is the exact situation which the doctrine of res judicata, by compelling litigants to bring all related claims in one suit, seeks to avoid. . . . Plaintiff's claims could have and should have been raised in the same suit.

### D. The Plaintiff Could Have And Should Have Asserted Her Instant Claims In The Prior Action.

Plaintiff's claims in this case were readily apparent and available to her at the outset of the Prior Action, or shortly thereafter. Indeed, the Plaintiff commenced this action just two months after the Prior Action. Yet, the Plaintiff never even sought leave to amend her complaint in the Prior Action to include her claims in this action, despite her knowledge of the facts essential to her claims. Having failed to amend her complaint in a Prior Action capable of granting her complete relief, the Plaintiff cannot use a second action as a vehicle to achieve a double recovery or to leverage a settlement with the Defendant through the cost, expense and harassment of multiple lawsuits. Cf. Electric Boat Co. v. United States, 81 Ct.Cl. 361 (Court of Claims 1935) cert. denied, 297 U.S. 710 (1936) [requiring a litigant to amend a pending suit to add later accruing claims to avoid dismissal of a later suit on the ground he has split his cause of action]; Westside Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc., 56 F.Supp.2d 694, 710 (E.D. Louisiana 1999) [denying plaintiffs' motion for leave to add claims after the amendment deadline when the plaintiffs were privy to the facts underlying their proposed additional claims before the deadline]; Myers, 102 F.Supp.2d at 1224 [dismissing the plaintiff's ERISA claims after consolidation with the prior pending employment discrimination action as a result, in part, because plaintiff never sought to amend its complaint in the discrimination action to include the ERISA claims].

The instant action presents the precise situation meant to be avoided by the rule against splitting causes of action -- separate actions, alleging the same operative facts, that deplete judicial resources, put the parties to the cost and vexation of multiple lawsuits, and cause the accrual of unwarranted attorney's fees. If not barred, such claims permit the Plaintiff to leverage the Defendant with unnecessary delay

and the needless cost of multiple litigations. The Defendant is entitled to summary judgment on its Fourth Affirmative Defense.

## CONCLUSION

For all the foregoing reasons, summary judgment should enter in favor of defendant as a matter of law.

        THE DEFENDANT,

By: _____
      Sabato P. Fiano (Ct 18879)
      Kleban & Samor, P.C.
      2425 Post Road
      Southport, CT 06890
      (203) 254-8963