UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC 15 P 3:08
US DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:02 CV 01537 (AVC) |
| vs. | : | |
| MARVIN BRANDON | : | DECEMBER 15, 2003 |

### DEFENDANT'S LOCAL RULE 56(c)(1) STATEMENT IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In support of his Motion for Summary Judgment in the above action, the Defendant submits that there exists no genuine issue of material fact to be tried as to the following, and that Defendant is entitled to judgment as a matter of law:

1. The plaintiff filed the instant action on August 30, 2002, during the pendency of another action entitled *Eveline Goins v. JBC & Associates, P.C., Jack H. Boyajian and Marvin Brandon.*, Civil Action No. 3:02 CV 1069 (MRK) (the "Prior Action"), previously filed on June 20, 2002.

2. Pursuant to the local Standing Order on Scheduling in Civil Cases, paragraph 2(b), any motions to amend the pleadings in the Prior Action, including the plaintiff's complaint, could have been made within 60 days of the filing of the complaint, or August 20, 2002.

3. At no time during the Prior Action, either before the expiration of the deadline set forth in the Standing Order or otherwise, did the plaintiff seek to amend her complaint to include her instant claims under the Fair Debt Collection Practices Act ("FDCPA"), the Connecticut

1

Creditor Collection Practices Act, the Consumer Collection Agency Act and the Connecticut Unfair Trade Practices Act.

4. The instant action involves the same defendant, the same plaintiff, the same alleged form of collection activity and the same alleged violation of the aforementioned statutes as in the Prior Action.

5. The instant action claims actual damages which are virtually indistinguishable from those claims in the Prior Action.

6. The instant action is based on the same claims under the same statutes based upon the same legal theories as the Prior Action – specifically that the Defendant was not licensed as a debt collector in Connecticut at the time he communicated with the Plaintiff.

7. The facts as alleged in the complaint herein all occurred before the commencement of the Prior Action.

THE DEFENDANT,

By: *S. P. F.*
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06890
(203) 254-8963

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 15th day of December 2003, to:

>Joanne S. Faulkner, Esq.
>123 Avon Street
>New Haven, CT 06511

_____
Sabato P. Fiano