UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                                            CASE NO. 3:02CV 1537 (AVC)

MARVIN BRANDON                                      November 19, 2003

**RESPONSE TO DEFENDANT'S DOCUMENT REQUESTS**

1.      All documents evidencing communications between any of the Defendants and you or your attorney concerning or relating to the alleged debt to Marshalls-Marmax referred to in your complaint.

Objection: communications between plaintiff and her attorney are privileged; despite several extensions for discovery requested by and granted to defendant, the request, dated October 24, 3003, is untimely [Edberg v. CPI, Inc., 2000 WL 1844651 (D. Conn. 2000)], and void. Odie v. General Motors Corp., 133 F.R.D. 1 (D. Mass. 1990), enforcing 131 F.R.D. 365 (D. Mass. 1990). A party's attorney may not "arrogate[] control of discovery to himself . . . and change the date of compliance to suit his own convenience and that of his client." Damiani v. R.I. Hosp., 704 F.2d 12, 16 (1st Cir. 1983). Parties have an unflagging duty to comply with case management orders. Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). A party who flouts the scheduling order ignores the court's inherent interest in administering its docket and

"robs [scheduling orders] of their utility." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002).

2. All documents evidencing communications between you or your attorney and the creditor concerning or relating to the alleged debt to Marshalls-Marmax referred to in your complaint.

Objection: same as objection to No. 1.

3. All returned or cancelled checks concerning or relating to any payments or attempted payments regarding the alleged debt to Marshalls-Marmax referred to in your complaint.

Objection: same as objection to No. 1.

4. A copy of your petition in bankruptcy and any schedules submitted therewith or attached thereto, including but not limited to Schedules regarding assets, claims, exemptions and creditors.

Objection: same as objection to No. 1 (except as to privilege objection); outside the scope of discovery since there is no claim or defense related to any bankruptcy.

5. All documents reflecting or evidencing any actual damages you claim to have suffered as a result of the allegations in your complaint, including but not limited to all medical, psychiatric, psychological or other records and/or billing statements reflecting any professional treatment and/or medication you have received.

Objection: same as objection to No. 1 (except as to privilege objection)

6. All documents provided by you to Attorney Joanne Faulkner, or any other attorney, concerning or relating to the allegations of your complaint or the alleged debt to Marshalls-Marmax referred to in your complaint.

Objection: same as objection to No. 1

7. All account statements regarding any checking account maintained by you during the period from January 1, 1996 to December 31, 1996

Objection: same as objection to No. 1

                THE PLAINTIFF

                BY_____
                JOANNE S. FAULKNER ct04137
                  123 Avon Street
                  New Haven, CT 06511-2422
                  (203) 772-0395
                  j.faulkner@snet.net