UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                                          CASE NO. 3:02CV 1537 (AVC)

MARVIN BRANDON                                              December   2003

### PLAINTIFF'S OBJECTION TO MOTION TO MODIFY SCHEDULING ORDER

Plaintiff objects to defendant's Third Motion to Modify Scheduling Order, since (1) it is moot, defendant having filed his Motion for Summary Judgment as provided in the most recent Motion (Doc. No. 26); (2) no good cause has been shown as required by Fed. R. Civ. P. 16(b) and D. Conn. L. Rule 16(b), which mandates "a particularized showing that the schedule cannot reasonably be met, **despite the diligence** of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan." Defendant's lack of diligence throughout this matter is revealed by his repeated motions for extension of time. Doc. Nos. 5, 12, 15, 22, 25 (scheduling order), 26 (scheduling order).

Defendant's belated interest in conducting discovery is not good cause for any extension, particularly because he noticed plaintiff's deposition for August 27, 2003 and refused to take the deposition even though plaintiff and her counsel appeared at defense counsel's office pursuant to the deposition notice.

A party's attorney may not "arrogate[] control of discovery to himself . . . and change the date of compliance to suit his own convenience and that of his client." Damiani v. R.I. Hosp., 704 F.2d 12, 16 (1st Cir. 1983). Parties have an unflagging duty to comply with case management orders. Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). A party who flouts the scheduling order ignores the court's inherent interest in administering its docket and

"robs [scheduling orders] of their utility." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002). See also Julian v. Equifax Check Services, Inc., 178 F.R.D. 10 (D. Conn. 1998).

No extension should be granted.

        THE PLAINTIFF

BY_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on December 17, 2003, postage prepaid, to:

Jonathan D. Elliot
P. O. Box 763
Southport CT 06490

_____
Joanne S. Faulkner

2