UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                          CASE NO. 3:02CV 1537 (AVC)

MARVIN BRANDON                              December 26, 2003

<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Defendant moved for summary judgment claiming that plaintiff impermissibly split her cause of action against him by bringing two different suits. However, this action and the earlier action each have a different nucleus of operative facts, even though they are brought under the same statutes and are based on some of the same legal theories. Summary judgment should not be granted because joinder of plaintiff's two separate causes of action was permissive, not mandatory. Fed. R. Civ. P. 18.

Plaintiff brought this Fair Debt Collection Practices Act (FDCPA) case based on defendant's form collection letter demanding payment of $4811.35 allegedly due to Marshall's-Marmax. The defendant's letter referenced File No. A26044. Plaintiff had previously brought an action against defendant and his employers, based on a separate form letter demanding payment of $1,971.80 allegedly due to Wilson Suede & Leather. The defendant's letter referenced File No. 562183. <u>Goins v. JBC & Associates, P.C.</u>, Civil No. 3:02CV1089 (MRK).

Plaintiff had two causes of action, on separate letters seeking different payments on different underlying transactions to different unrelated creditors which were being collected by defendant under different file numbers. The conduct complained of in this action is the defendant's letter seeking to collect on a Marshall's-Marmax account. The conduct complained of in the earlier action is the defendant's separate letter under a separate file number seeking to collect a different amount on a Wilson Suede & Leather account. Absent the permissive joinder allowed by Rule 18, plaintiff *could* not have brought these separate causes of action in the same suit.

The seminal case is <u>Federal Housing Admr v. Christianson,</u> 26 F. Supp. 419 (D. Conn. 1939). Plaintiff was not permitted to join claims on separate debts (two different notes). "Clearly there is no common question of fact involved here. For each note necessarily involves separate questions of fact. . . .Whether the same general principles of law are applicable is no part of the prescribed test." <u>Id.</u>

Rule 18 was amended in 1966 specifically to permit (but not require) joinder of claims based on disparate underlying transactions and to overturn <u>Christianson.</u> Advisory Committee Notes to 1966 Amendments. Even Rule 19 on joinder of parties supports the plaintiff's permission here. E.g., <u>Bridgeport Music, Inc. v. 11C Music,</u>, 202 F.R.D. 229, 232 (M.D. Tenn. 2001) ("The fact that certain defendants were involved in the production, publishing, and distribution of more than one allegedly offending song does not, in itself, cause these songs to be related occurrences for the purpose of joinder of parties"); <u>Michaels Bldg Co. v Ameritrust Co.</u>, 848 F.2d 674, 682 (6th Cir 1988) (one loan by Ameritech not related to loans made by other defendants; therefore Ameritech was improperly joined).

Because defendant admits the salient underlying differences in the factual basis for each of the two lawsuits,[1] he has not established any basis for summary judgment. <u>Amaker v. Foley, C.O.</u>, 274 F.3d 677, 681 (2d Cir. 2001) (even when a nonmoving party does not respond to a summary judgment motion, the district court must examine the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If it has not, summary judgment is inappropriate, for "[n]o defense to an insufficient showing is required").

---

[1] Def. Mem. at 2 asserts that there were dishonored checks written to two retail store creditors and the actions involve different dishonored checks. Thus, even different evidence is involved.

2

## THERE IS NO MANDATORY JOINDER IN FEDERAL COURT

Joinder of claims and remedies is optional in federal court. Fed. R. Civ. P. 18(a). In 1937, the Advisory Committee noted that the rule was adopted to avoid the inconvenience "from trying two matters together which have little or nothing in common." If a plaintiff does join dissimilar claims, a court can order separate trials. Rule 42(b). If two cases have a common question of law or fact, as defendant claims, they can be consolidated or jointly tried. Rule 42(a). Unfortunately, "The possibility of being barred from asserting a particular claim in a second suit undoubtedly has an in terrorem effect and encourages cautions attorneys to join claims that actually might not be encompassed by claim preclusion rules." 6A Wright, Miller & Kane, Federal Practice and Procedure §1582 at 525 (1980).

The Supreme Court established, more than 100 years ago, the rule that applies to this case:

"It is undoubtedly a settled question that a party seeking to enforce a claim legal or equitable must present to the court, either by the pleadings or proofs, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible."

This statement, however, is qualified by the following, which is not included in the citation: "But this principle does not require distinct causes of action -- that is to say, distinct matters -- each of which would authorize by itself independent relief, to be presented in a single suit, though they existed at the same time and might be considered together." p. 485.

The qualification states the elementary rule. One of the tests laid down for the purpose of determining whether or not the causes of action should have been joined in one suit is whether the evidence necessary to prove one cause of action would establish the other. Cripps v. Talvande, 4 McCord, 20.

<u>United States v. Haitian Republic</u>, 154 U.S. 118, 125 (1894). Applicable here is the Court's conclusion that distinct causes of action (here, separate letters on different underlying accounts), each of which would authorize independent relief, need not be presented in a single suit, even though they existed at the same time. Since the underlying accounts (allegedly bounced checks), creditors, and file numbers are different, the evidence of violations on the Marshalls-Marmax letter will differ factually from the evidence of violations on the separate Wilson Suede & Leather letter.

THE RULE AGAINST SPLITTING CAUSES OF ACTION DOES NOT APPLY

The "rule" against splitting causes of action arises only when a second case is brought after a final judgment in an earlier case. Restatement (Second) Judgments §25; <u>International Railways v. United Fruit Co.</u>, 373 F.2d 408 (2d Cir 1967), See, e.g., <u>N.L.R.B. v. United Technologies Corp.</u>, 706 F.2d 1254, 1259-60 (2d Cir. 1983) (not same claim, same transaction, or same facts); <u>Board of Ed. v. Hufstedler</u>, 641 F.2d 68, 71-72 (2d Cir. 1981) (not seeking to redress same injury; two distinct avenues for relief available); <u>Davidson v. Capuano</u>, 792 F.2d 275, 282 (2d Cir. 1986) (remedies sought not incidental to earlier proceeding). The "rule" does not apply here, where there is no prior judgment.

CONCLUSION

Plaintiff's two lawsuits are based on a separate nucleus of operative facts: defendant's separate collection efforts on separate accounts for separate creditors. Plaintiff is entitled to FDCPA statutory damages for each course of collection on these discrete accounts. Defendant's motion is without merit, on its face, and should be denied.

THE PLAINTIFF

BY_____
JOANNE S. FAULKNER ct04137
   123 Avon Street
   New Haven, CT 06511-2422
   (203) 772-0395
   j.faulkner@snet.net

This is to certify that the foregoing was mailed on December 24, 2003, postage prepaid, to:

Jonathan D. Elliot
P. O. Box 763
Southport CT 06490

_____
       Joanne S. Faulkner

4