*FILED*

*2004 JAN 13 P 4:*

*U.S. DISTRICT COU.*
*HARTFORD, CT.*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:02 CV 01537 (AVC) |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| | : | |
| MARVIN BRANDON | : | JANUARY 13, 2004 |

**DEFENDANT'S REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**Preliminary Statement**

In her Opposition to Summary Judgment, the plaintiff erroneously argues that the well-established rule against splitting causes of action only applies in cases where the prior action has gone to judgment. In fact, any requirement of a judgment in the prior action would frustrate the very purposes of the rule against splitting causes of action recognized by the federal courts. By arguing that the rule only applies in cases where the prior action has gone to judgment, the plaintiff asks that this court allow separate actions alleging the same operative facts against the same defendant to each be litigated over a period of years, putting the court and the parties to the cost and vexation of multiple, duplicative lawsuits without any recourse until such time as one of the actions reaches final judgment. Plaintiff's reading of the applicable law is clearly mistaken.

Plaintiff similarly cannot salvage this action through hyper-technical distinctions purporting to distinguish her claims in this case from those claims already asserted in the action *Eveline Goins v. JBC*

1

*& Associates, P.C., Jack H. Boyajian and Marvin Brandon.,* 3:02 CV 1069 (MRK) ("the Prior Action").

The primary allegations of wrongdoing in both actions are undeniably duplicative – that the defendant violated the Fair Debt Collection Practices Act ("FDCPA") and various other consumer-related statutes for the reason that it allegedly was not licensed as a consumer collection agency with the Connecticut Banking Department at the time of collection. Indeed, the complaint in the Prior Action sets forth virtually no facts whatsoever other than the allegation that the defendants were not licensed at the time of the collection activity. (Prior Action Complaint, para. 6). To the extent that the plaintiff now asserts that the actions are based on separate form collection letters purportedly containing distinct FDCPA violations, she wholly fails to offer any evidence as to the supposedly distinct nature of the violations. In fact, the plaintiff does not so much as offer the purportedly offending letters.[1] In the absence of such evidence, there is no factual basis to distinguish this action from the complaint in the Prior Action which, on its face, alleges nothing more than the same unlicensed collection activity also asserted here.

---

[1] Plaintiff's refusal to offer any evidence in opposition to the Defendant's Motion, including the very letter on which she bases her claims, is consistent with the plaintiff's ongoing game of "blind-man's bluff" whereby plaintiff has continually utilized obstructive tactics to deprive the Defendant of any discovery whatsoever prior to the filing of dispositive motions or any trial of this case. (See Defendant's Motion to Compel, Dkt. No. 27).

## ARGUMENT

I.     **THE RULE AGAINST SPLITTING CAUSES OF ACTION APPLIES IN CASES WHERE BOTH ACTIONS ARE STILL PENDING.**

A district court has the authority "as part of its general power to administer its docket, [to] stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A. 226 F.3d 133, 138 (2d Cir. 2000). A dismissal of a duplicative action is appropriate because "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Id. at 138-39. Claim splitting will lead to dismissal where "the same or connected transactions are at issue and the same proof is needed to support the claims in both suits, or, in other words, whether the facts essential to the second suit were present in the first suit." Id. at 139. At a minimum, a potentially duplicative action should be dismissed without prejudice pending the outcome of the previously filed action and a final determination as to the prior action's preclusive effect on the second case. Salib v. I.C. System, Inc., 2002 WL 31060368 (July 24, 2002) (copy attached hereto).[2]

The plaintiff misleadingly asserts that the rule against splitting causes of action does not apply in cases where the prior action has not gone to judgment. (Opposition to Summary Judgment p. 4). Plaintiff is simply wrong. In Curtis, supra, the Second Circuit Court of Appeals affirmed the decision of the district court of the Southern District of New York to dismiss an employment discrimination claim as duplicative of a prior pending action. In reaching its ruling, the Second Circuit specifically

---

[2] In Salib, the court based its ruling to dismiss the previously action without prejudice based on the fact that the second action raised distinct legal theories, under distinct statutes, giving rise to potentially distinct liability issues. Specifically, the court acknowledged that it was "not possible for the court to anticipate whether the facts necessary to prove plaintiff's cause of action under the FCRA w[ould] be established in the context of his FDCPA claim." Here, there is no such uncertainty as to the overlap of claims, as the plaintiff has alleged the same violations under precisely the same statutes in both actions.

acknowledged the distinction between the rule against claim-splitting and the doctrines of claim preclusion or res judicata, which require the entry of a final judgment. Id. at 138.

In Hartsel Springs Ranch v. Bluegreen Corp., 296 F.3d 982, 987 (10th Cir. 2002), the Court held that a motion to dismiss based on improper claim-splitting "need not – indeed, often cannot – wait until the first suit reaches final judgment." Id. at 987, n. 1.  Rather, the Court held that "in the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." Id.

The requirement of a final judgment also was rejected by the court in Myers v. Colgate-Palmolive Company, 102 F.Supp.2d 1208, 1224 (D. Kan. 2000), a case discussed at length in Defendant's initial Memorandum of Law in Support of Motion for Summary Judgment. (Def. Memo. pp. 6-7). In Myers, the plaintiff, a discharged employee, brought an age and sex discrimination case against her former employer. The plaintiff thereafter commenced a second action against her former employer alleging that it had violated the Employee Retirement Income Security Act ("ERISA") in terminating her. The two cases were thereafter consolidated. Id., 102 F.Supp.2d at 1211.

In Myers, the defendant sought the dismissal of the ERISA case based on the rule against splitting causes of action. The plaintiff argued against dismissal by contending "that claim splitting only prevents a plaintiff who has failed in an earlier claim from filing a related claim, and has no application to a situation such as this in which different suits are currently pending before the court." The Myers court ultimately dismissed the ERISA case, notwithstanding the plaintiff's argument, largely based on its finding that the ERISA action arose out of the same nucleus of facts and substantially the same evidence as the prior discrimination action. Id. at 1224.

The court similarly applied the rule against splitting causes of action to pending lawsuits in the case In Re Dual-Deck Video Cassette Recorder Antitrust Litigation v. Matsushita Electric Industrial Co., Ltd., 1991 WL 425379 (D. Ariz. 1991) (copy attached hereto). In Dual Deck, the plaintiff commenced an action against the defendant to assert claims which the plaintiff was not permitted to assert in a prior pending action against the defendant as a result of the court's denial of the plaintiff's request for leave to amend in the prior action. The court ultimately barred the plaintiff from bringing a separate, second action on any antitrust claims that it could have been brought in the prior action.[3] Id. at 5. This was so notwithstanding that "no final judgment had been rendered in the earlier action." Id. at 3. Citing the case Oxbow Energy, Inc. v. Koch Industries, Inc., 686 F.Supp. 278, 282 (D. Kan. 1988), the court recognized that "[a]llowing the second action … would not only defeat the purposes of the rule against claim-splitting but also effectively reverse the trial court's denial of leave to amend." Id. at 3.

Here, the plaintiff never even sought leave to amend her complaint in the Prior Action, despite her knowledge of the facts essential to the claims she now asserts in this action, and despite the fact that she could have asserted those claims at the outset of the Prior Action. Plaintiff seeks to overcome this oversight by arguing that the rule against splitting causes of action only applies in cases where the prior action has gone to judgment. However, none of the cases cited by the plaintiff stand for such a principle.

By relying on cases such as N.L.R.B. v. United Technologies Corp., 706 F.2d 1254, 1259-60 (2d. Cir. 1983) and Board of Education v. Hufstedler, 641 F.2d 68- 71-72 (2d. Cir. 1981), plaintiff

---

[3] The court found that those claims which were the subject of the plaintiff's motion to amend "could have been brought" in the prior action had the plaintiff filed the motion earlier in the litigation.

confuses principles of res judicata and claim preclusion with the rule against splitting causes of action. While both the doctrines of res judicata and claim preclusion and the rule against splitting causes of action are imposed to avoid the cost and vexation of duplicative lawsuits, they are governed by distinct legal requirements. Curtis, supra, 226 F.3d at 138. The doctrines of res judicata and claim preclusion concern a litigant's opportunity to fully litigate on the merits a particular issue, thereby necessitating the requirement of a final judgment before that opportunity can be barred. Cf. Tucker v. Arthur Anderson, 646 F.2d 721, 727 (2d. Cir. 1981); In Re Teltronics Services, Inc., 762 F.2d 185, 190 (2d. Cir. 1985). On the other hand, the rule against splitting causes of action is grounded in a plaintiff's "obligation ... to consolidate into a single proceeding all of his causes of action and to raise in one complaint all the claims which he could foresee could arise out of the same transaction." Ritchie v. Landau, 475 F.2d 151, 156 n. 5 (2d Cir. 1973). Here, the plaintiff had an obligation to assert the claims herein in the Prior Action. Having failed to do so, plaintiff cannot be permitted to pursue duplicative actions against the defendant and put the court and the parties to the cost and vexation of multiple lawsuits until such time as one of the actions reaches final judgment. Summary judgment should be granted in favor of the defendant.

II.    **THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED AS THE PLAINTIFF HAS FAILED TO OFFER ANY EVIDENCE SUPPORTING HER CONTENTION THAT THE PRIOR ACTION AND THE INSTANT CASE ARE BASED ON DISTINCT FACTS.**

The plaintiff's attempt to differentiate the Prior Action from the instant case is unavailing. While Plaintiff relies on purported distinct violations in separate letters, she offers no evidence whatsoever as to such purported distinct violations. Indeed, the plaintiff does not so much as offer the letters

themselves. Rather, the plaintiff merely relies on the unsupported arguments of counsel as to the distinctions between the two cases. The law is well-settled that such an opposition to summary judgment is insufficient to raise a genuine of material fact and, for this reason alone, the defendant's Motion for Summary Judgment must be granted. See Celotex Corp. v. Cafrett, 477 U.S. 318, 324 (1986) [once the moving party has carried its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show specific facts demonstrating that there is a genuine issue for trial]; E.g., Leggien v. Mealo, 484 F. Supp. 719 (E.D. Pa. 1980) [parties may not rely on the mere arguments of counsel to oppose summary judgment]; Baker v. Chatham, 939 F. Supp. 782 (D. Haw. 1996) [legal memoranda and oral argument are not evidence].

In the absence of any contrary evidence, it is clear from the face of the complaints in both actions that both cases involve the same alleged offending collection activity – the attempt to collect upon dishonored checks from the plaintiff without a Connecticut license. Clearly both actions involve a common nucleus of facts concerning the same allegedly wrongful behavior, predominantly proven by the same evidence and through the same witnesses. The evidence in both actions would clearly overlap as to what the defendant did or failed to do. This is apparent from the plaintiff's own duplicative discovery requests filed in each action. (See Defendant's Motion for Summary Judgment, Exhibits C and D). Plaintiff is simply not entitled to prosecute the precise same issue – whether the Defendant violated the FDCPA and other statutes in allegedly communicating with the Plaintiff as to certain dishonored checks when Defendant was allegedly not licensed as a consumer collection agency in Connecticut – in two wholly separate actions.

Even assuming that the plaintiff had offered evidence supporting her contentions that the two actions have some limited distinctions, the fact that the plaintiff may have asserted in this case additional instances of what was previously asserted in the Prior Action does not take this duplicative litigation outside the scope of the rule against splitting causes of action. In <u>Waldman v. Village of Kiryas Joel</u>, 207 F.3d 105 (2d Cir. 2000), the Second Circuit considered whether the plaintiff had improperly split claims for purposes of determining whether a second action was barred by the doctrine of res judicata. The first suit was filed by dissidents who lived in a Hasidic Jewish community, claimed that the community discriminated against dissidents in the enforcement of the zoning code. That matter was settled and dismissed with prejudice. <u>Id.</u> at 107-108. Thereafter, a second suit was filed by a single dissident, claiming violations of the Establishment and Free Exercise Clauses of the First Amendment, the Equal Protection Claus of the Fourteenth Amendment and the Fair Housing Act as a result of discrimination by the community in the provision of public housing. <u>Id.</u> at 107. While the first action concerned claims of discriminatory enforcement of the zoning code, the thrust of the second action concerned interference with dissidents' voting rights and the plaintiff's efforts to run for office and demonstrate in the community. <u>Id.</u> at 109-111

Despite the technical distinctions between claims, the Second Circuit nonetheless affirmed the decision of the district court to dismiss the second action on res judicata grounds. The Court reasoned that the "overlapping facts" of the two actions would constitute a common nucleus of ongoing and pervasive entanglement between church and state. <u>Id.</u> at 110. In this regard, the Court upheld the district court's finding that both cases involved facts "sufficiently related in time, space, origin, and

motivation...." Id. at 108. With respect to the plaintiff Waldman's assertions that the second action

constituted a separate transaction, the Second Circuit held:

> [E]ven Waldman ... viewed the various components of the overlapping facts as part of the same pattern of behavior by the Village/Congregation. As the district court put it, all of the overlapping facts are expressions of "the Congregation's alleged dominance of the Village, its politics and municipal services...."
>
> Here, all of these facts derive ultimately from the same origin or motivation: the alleged entanglement of church and state in Kiryas Joel. Second, the suits would have formed a convenient trial unit since both involve substantially the same incidents evincing the same relationships between church and state in the Village and, with minor exceptions, involve the same witnesses and evidence. Finally, it would seem clear that treating the various overlapping facts as a single transaction or series of related transactions would have "conformed to the parties' expectations." For the record in both cases shows that Waldman viewed all of the overlapping facts as arising from the same polluted spring of pervasive entanglement.

Id. at 111-12 (internal citations and footnotes omitted).)

Finally, the Waldman Court rebuked the plaintiff's argument that he could not have brought his

later claim as part of the prior action because some facts necessary to its proof did not exist until after

the first action was filed. Id. at 112. The Court found the plaintiff's argument "disingenuous" because

the "actual allegations in the earlier suit paint a clear picture of widespread entanglement between

church and state." Id. The Court concluded that the second action merely concerned "additional

instances" of the sort of pervasive and otherwise irremediable entanglement between church and state

that was previously asserted in the first action. Id. Accordingly, the "new facts" introduced in the

second case did *not* constitute a "new" cause of action that could be brought separately. Id. at 112

Here, the plaintiff's improper splitting of claims is even more blatant than was at issue in

Waldman. Plaintiff's claims in this case were apparent and available to her at the outset of the Prior

Action. Indeed, plaintiff was in possession of the allegedly offending letter in this *case even before filing the Prior Action*. Yet, the Plaintiff never sought to include such claims in her complaint in the Prior Action, despite her knowledge of the facts essential to her claims. Moreover, any "new" facts that the plaintiff purports to have asserted in this action can only be construed as "additional instances" of an allegedly pervasive and identical pattern of unlicensed debt collection activity directed at the plaintiff with respect to dishonored checks.[4]

## III. THE LEGISLATIVE INTENT UNDERLYING THE FDCPA SUPPORTS THE GRANTING OF SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT.

Plaintiff has filed separate actions presumably for the purpose of seeking a double recovery by way of separate claims for statutory damages and attorney's fees under the FDCPA. The FDCPA limits an individual plaintiff's damages to actual damages plus statutory damages not to exceed $1,000 in a given FDCPA action. 15 U.S.C § 1692k(a)(2)(A).) Many cases have addressed the propriety of awarding $1,000 statutory damages per violation, per communication, or per debt; but the courts have rejected such arguments as not supported by the FDCPA's legislative intent or statutory language. See, e.g., Cacace v. Lucas, 775 F.Supp. 502, 507 (D. Conn. 1990); Harper v. Better Bus. Servs., Inc., 961 F.2d 1561, 1563 (11th Cir. 1992); Teng v. Metropolitan Retail Recovery, Inc., 851 F.Supp. 61, 69 (E.D.N.Y. 1994). To allow multiple actions to be brought against a debt collector based on

---

[4] In fact, the plaintiff has commenced yet a *third* action against the defendant in this District entitled Eveline Goins v. JBC & Associates, P.C., Jack H. Boyajian and Marvin Brandon. 3:03 CV 636 (JBA), *again* asserting claims of unlicensed collection activity.

the same violation would indeed subvert Congress' intent to place a limitation on the statutory liability of a debt collector.

Plaintiff's assertion that each offending letter sent by the Defendant establishes a basis for a separate action is contrary to the express provisions of the FDCPA. The FDCPA specifically contemplates that a defendant debt collector's continuing collection activities will be considered in a single action in establishing the amount of statutory damages. "In determining the amount of [statutory damages] … the Court shall consider, among other relevant factors, … the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Clearly, to permit multiple suits for multiple letters would fly in the face of the legislative scheme of the FDCPA, which mandates consideration of the totality of a debt collector's pattern of collection activity to determine the magnitude of the statutory damages.

The Plaintiff's filing separate actions within two (2) months of one another, when plaintiff was in possession of all allegedly offending letters before even commencing the Prior Action, can only be construed as an attempt to leverage the Defendant into settlement through the risk of paying excessive attorneys' fees and paying the same statutory damages twice. Indeed, the plaintiff has already stipulated in the Prior Action that she has suffered no actual damages in that case. (See Endorsement and Scheduling Order, entered January 6, 2004, attached hereto). She has not presented any evidence or made any claims of actual damages in this case. Indeed, her damages in this case

would be virtually indistinguishable from damages in the Prior Action. Accordingly, plaintiff should have asserted her claim for statutory damages in a single action. Plaintiff, or her counsel, is not entitled to a double recovery.

## CONCLUSION

For all the foregoing reasons, summary judgment should enter in favor of defendant as a matter of law.


THE DEFENDANT,


By: _____

Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06890
(203) 254-8963

13

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 13th day of January 2004, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

_S. P. F._
Sabato P. Fiano