FILED
2004 APR 27 A 11: 12
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS                    :        CIVIL ACTION NO.
                                 :        3:02 CV 01537 (AVC)
                                 :
vs.                              :
                                 :
                                 :
MARVIN BRANDON                   :        APRIL 26, 2003

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER ORDER GRANTING PLAINTIFF'S COUNSEL ATTORNEY'S FEES AND DEFENDANT COUNSEL'S MOTION FOR ATTORNEY'S FEES

The Defendant, Marvin Brandon ("Defendant"), hereby submits this Memorandum in support of his Motion to Reconsider and Motion for Attorney's Fees, filed simultaneously herewith. Defendant respectfully requests that the Court reconsider its Order granting attorneys' fees in favor of Plaintiff's counsel (Dkt. #40). Plaintiff counsel's motion for fees was based on the factually inaccurate assertion that Plaintiff's counsel was compelled to appear at a deposition of the Plaintiff on August 27, 2003, which Defendant refused to take. The Court granted Plaintiff's counsel her fees for appearing at the deposition for the reason that the Defendant did not oppose Plaintiff counsel's motion.

The Defendant requests that the Court reconsider its Order due to the fact that the Defendant inadvertently did not oppose the motion for fees because, as more fully explained below, the motion appeared moot in view of the Court's prior order dated February 12, 2004 granting the Defendant's motion to compel the Plaintiff's deposition (Dkt. #36). Alternatively, the Defendant requests an award of attorney's fees pursuant to Fed. R. Civ. P. 37(a)(4) for the

1

reasons set forth below.

This is an action alleging violations of the Fair Debt Collection Practices Act. The action arises out of the Defendant's alleged attempt to collect a debt with respect to certain alleged bad checks written by the Plaintiff. Plaintiff claims to have received certain allegedly false or misleading letters from the Defendant with respect to his alleged attempt to collect a debt left unsatisfied by Plaintiff's alleged bad checks.

On or about August 14, 2003, the Defendant served the Plaintiff with a notice of deposition. The notice scheduled the Plaintiff's deposition for August 27, 2003. Immediately upon receipt of the notice, Plaintiff's counsel contacted the undersigned expressing concern that the Plaintiff's deposition had been noticed to occur prior to the deposition of the Defendant, which had been previously scheduled to proceed on September 5, 2003. Based on Plaintiff counsel's concerns, the undersigned assured Plaintiff's counsel in an email message dated August 14, 2003 that the Defendant's "intent has always been and remains to accommodate Ms. Goins' schedule by scheduling her deposition for some mutually convenient date AFTER Mr. Brandon's deposition." (Emphasis in the original).

Notwithstanding the undersigned's clear and unequivocal assurances to Plaintiff's counsel that the Defendant would not proceed with the deposition of the Plaintiff until after the deposition of the Defendant on September 5th, the Plaintiff and her counsel inexplicably appeared at the office of the undersigned on August 27, 2003 for the purported purpose of proceeding with the Plaintiff's deposition. Based on the prior communications between counsel, the undersigned was obviously unprepared to proceed with any such deposition.

On September 5, 2003, Plaintiff took the deposition of Marvin Brandon. At that time,

2

Plaintiff's counsel asserted that the Defendant had "had [his] chance" to take the deposition of the Plaintiff on August 27, 2003. Thereafter, Plaintiff only agreed to be deposed if the deposition took place in New Haven, Connecticut, as opposed to the undersigned's offices in Southport, and only if the Defendant paid Plaintiff's and Plaintiff counsel's so-called "costs" for their appearance at the August 27th "deposition."

Despite Plaintiff's attempts to unilaterally impose conditions on the Defendant's clear right to take her deposition, the Defendant nonetheless served the Plaintiff with a notice of deposition on or about October 24, 2003. The notice scheduled the Plaintiff's deposition for November 13, 2003. As a courtesy to Plaintiff's counsel, the Defendant noticed the Plaintiff's deposition to take place at a location in New Haven. Thereafter, Plaintiff noticed the deposition of the Defendant's employer, Jack Boyajian, in a separate pending matter brought by the Plaintiff. Plaintiff noticed the deposition of Mr. Boyajian also for November 13, 2003, despite the fact that the deposition was with respect to a separate pending action.

On November 10, 2003, the undersigned informed Plaintiff's counsel that Mr. Boyajian had an unavoidable conflict and could not appear for his deposition on November 13, 2003 in the other action. It is significant to note that Mr. Boyajian resides out-of-state in New Jersey. In response to being informed that Mr. Boyajian could not appear for his deposition, Plaintiff refused to appear for her deposition in this action based on the assertion that the Defendant had not properly served the notice of deposition and, again, that the Defendant had "had his chance" to take the deposition of the Plaintiff at the so-called deposition on August 27, 2003.

On December 9, 2003, the Defendant moved to compel the deposition of the Plaintiff (Dkt. #27). On December 19, 2003, the Plaintiff opposed the motion to compel for the reason

that, among other things, "plaintiff and her counsel appeared at a duly noticed deposition on August 27, 2003, but defendant refused to take the deposition...." (Dkt. #30). This Court flatly denied the Plaintiff's arguments and granted the Defendant's motion to compel by order dated February 12, 2004. In fact, to avoid any further gamesmanship on the part of the Plaintiff, the Court ordered that the deposition proceed at the courthouse on February 27, 2004 (Dkt. #36).[1]

In view of the foregoing, Plaintiff counsel's motion for fees - filed on the same date of the Plaintiff's court ordered deposition on February 27, 2004 and based on the same argument rejected by the Court - appeared moot. Accordingly, Defendant inadvertently did not respond to the motion. The Defendant requests that the Court reconsider its Order awarding such fees, which effectively compensates the Plaintiff for her aforesaid gamesmanship. Moreover, fees were awarded based on Plaintiff counsel's representation that she spent three (3) hours of time at the purported deposition when, in fact, counsel appeared at the undersigned's office for approximately five (5) minutes, at which time the undersigned explained that counsel had obviously and inexplicably misunderstood the undersigned's prior representations that the deposition of the Plaintiff would not proceed to appease *Plaintiff counsel's* expressed concerns.

Alternatively, the undersigned requests pursuant to Fed. R. Civ. P. 37(a)(4) that the undersigned be awarded attorney's fees in the amount of $500.00 for two and one-half (2.5) hours of time spent traveling to and from the Hartford courthouse from the undersigned's offices in Southport, CT. Under normal circumstances, the Defendant was free to depose the Plaintiff at

---

[1] Even in the face of a Court order, the Plaintiff's games did not end. Initially, Plaintiff's counsel claimed she and/or her client could not appear for the court-ordered deposition at any time sooner than 3:00 p.m. – effectively handcuffing the Defendant to complete the Plaintiff's deposition in less than two (2) hours. This necessitated yet another order by the Court dated February 25, 2004 requiring that the Plaintiff appear for her deposition no later than 1:45 p.m.

Defendant counsel's offices, but was forced to depose the Plaintiff at the courthouse by a Court order necessitated by the Plaintiff's cat and mouse tactics.

THE DEFENDANT,

By: _____
Sabato P. Fiano (Ct 18879)
Kleban & Samor, P.C.
2425 Post Road
Southport, CT 06890
(203) 254-8963

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 26th day of April 2004, to:

> Joanne S. Faulkner, Esq.
> 123 Avon Street
> New Haven, CT 06511

_____
Sabato P. Fiano