UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.  CASE NO. 3:02CV 1537 (AVC)

MARVIN BRANDON  May 3, 2004

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S APRIL 27 MOTIONS

Plaintiff opposes defendant's retaliatory Motion for Reconsideration (Doc. No. 42) and Motion for Attorney's Fees (Doc. No. 41). On February 27, 2004, Plaintiff filed a motion for fees due to defendant's refusal to conduct the August, 2003 deposition it noticed for plaintiff. Defendant did not oppose the motion, so it was granted on April 7, 2004, pursuant to D. Conn. Local Civ. Rule 7(a)1. Defendant now seeks reconsideration of the Order of April 7, 2004, as well as fees for his own deposition taken on February 27, 2004.

Motion for Reconsideration untimely and improper. D. Conn. Local Civ. Rule 7(c) mandates that motions for reconsideration "be filed and served within ten (10) days of the filing of the decision." The decision herein was filed on April 7; the motion for reconsideration was filed on April 27. Since defendant did not abide by the time limitations of Local Rule 7, his motion should be denied.

Local Rule 7(c) provides that a motion for reconsideration be accompanied "by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked." Defendant does not point to anything the Court overlooked. He cannot, because he did not oppose the initial motion. "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion." Local Rule 7(a)1.

Motion for Fees Improper. Defendant did not comply with Local Rule37(a)2, so his motion may be denied for that reason alone. Defendant did not confer with the undersigned, and did not (and could not) file an affidavit as to any efforts to resolve the differences.

Even though defendant requested the Court to order the deposition, he now complains that the Court ordered him to take it in Hartford. The location of the deposition was within the Court's discretion and control, so that defendant cannot complain about it. Defendant could have avoided the Hartford location by taking the deposition the day before in New Haven as defense counsel had agreed. This more convenient location had been agreed upon by the parties, but defense counsel breached the agreement, as explained below.

When defendant did not take plaintiff's deposition in August, 2003, the parties agreed that plaintiff's own deposition and her deposition of Boyajian (defendant's superior) would take place in New Haven on the same date, and that date was noticed for February 26, 2004. Based on the agreement, plaintiff agreed not to seek fees for the aborted August deposition.

Shortly before the scheduled Feb. 26, 2004 cross-depositions, Defense counsel refused to make Boyajian available, and this Court ordered plaintiff's deposition to go forward in Hartford on Feb. 27.  Because defendant breached his agreement, plaintiff was free to seek fees for the August non-deposition and did so. Because defendant's own actions resulted in the Court's order to take plaintiff's deposition in Hartford, which he had every opportunity to avoid, he cannot now complain.

Defendant's motion should be denied.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on May 1, 2004, postage prepaid, to:

Jonathan D. Elliot
Sabatino Fiano
P. O. Box 763
Southport CT 06490

___/s/ Joanne S. Faulkner_____
Joanne S. Faulkner