UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                      CASE NO. 3:02CV 1537 (AVC)

MARVIN BRANDON                          July 27, 2004

PLAINTIFF'S MOTION FOR PERMISSION TO SUPPLEMENT HER
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant moved for summary judgment on the basis of his Third and Fourth Affirmative defenses (splitting causes of action, prior pending action) based on her bringing two different suits, the First Suit against Brandon, Boyajian, and JBC (Civil No. 3:02CV 1069) (MRK), and this Second Suit against Brandon only based on a different internal account and a different creditor.

Plaintiff requests permission to supplement her opposition by the July 6, 2004, statements of defense counsel and the deponent that the accounts and suits were indeed separate.

Defendant asserted the identical affirmative defenses in a Third Suit 3:03CV 636 (JBA). At the deposition of Mr. Boyajian (owner of JBC) on July 6, 2004, the following admissions were made:

```
                               97
 7  Q    So, as of November of 2001, there were
 8  two separate master files for Miss Goins?
 9     A    Apparently.  I think I already
10  testified to that.  I think I showed you that on the
11  master there may have been three. . . .
18  Q    So as of November 2001, you did not --
19  the files were not merged; is that correct?
20     A    That's correct.

                               98
 6   Q    Did any attorney review Exhibit N
          [Letter dated Nov. 22, 2001 re Wilson Suede, First Suit]
       or Y
          [Letter dated Nov. 22, 2001 re Marshall's-Marmax – this Second Suit]
 7  before they went out?
 8     A    I'm not going to answer that question.
 9  They don't relate to this matter.
10       MR. ELLIOT:  Well, it's true, they do not
11  relate to this matter in any way, shape or form.
12  Those letters are the subject of other lawsuits.
```

2

Defense counsel took the adamant position at the July 6 deposition that, despite the fifth and sixth affirmative defenses asserted in the Third Case (splitting causes of action, prior pending action) – which are identical to the third and fourth defenses on which defendant based his Motion for Summary Judgment in this Second case – his client would not answer questions about the prior pending actions, the First and Second cases. Defendant has thereby waived his basis for the summary judgment motion filed herein, and confirmed plaintiff's position that she has asserted separate causes of action for a separate letter sent on a separate account for a different creditor.

                    THE PLAINTIFF

                    BY____/s/ Joanne S. Faulkner___
                    JOANNE S. FAULKNER ct04137
                       123 Avon Street
                       New Haven, CT 06511-2422
                       (203) 772-0395
                       j.faulkner@snet.net

This is to certify that the foregoing was mailed on July 27, 2004, postage prepaid, to:

Jonathan D. Elliot
P. O. Box 763
Southport CT 06490

                    _____/s/ Joanne S. Faulkner___
                       Joanne S. Faulkner