UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                                      CASE NO. 3:02CV 1537 (AVC)

MARVIN BRANDON                                          July 24, 2004

## MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT

The facts are simple and undisputed. Plaintiff received a letter dated Nov. 22, 2001, "from" Marv Brandon, whose name appears three times in the letter. His status as an attorney specifically appears twice (Esq., Attorney at Law) and is implied the third time by the letterhead "Attorneys at Law" with only himself designated on the letterhead. The letter refers to File No. A26044 concerning a Marshalls-Marmax account. The letter mentions "the right to use any and all information we have obtained in further civil or criminal proceedings." The letter implies that Brandon has reviewed the matter and determined that the information justifies reserving the "right" to engage in civil or criminal proceedings. The letter, in bold print, advises plaintiff that the information we have "establishes" – is sufficient to prove – that a person "presumably with fraudulent intent" issued a bad check to our client(s). Once again, the letter implies that legal judgment had been exercised.

In actual fact, Brandon did not decide whether to send the letter, had not reviewed plaintiff's file, did not have any checks in hand, had no intent to sue at the time the letter went out, and had not made any determination that suit was appropriate.

I. THE LETTER WAS NOT "FROM" DEFENDANT BECAUSE HE HAD NO MEANINGFUL PARTICIPATION IN THE COLLECTION.

Defendant's letter was misleading and deceptive as a matter of longstanding, well established law under the FDCPA, 15 U.S.C. § §1692e. The seminal case is Clomon v. Jackson, 988 F.2d 1314, 1320 (2d Cir. 1993). The letters there, as here, were sent over the attorney's facsimile signature, but he had not reviewed the file, did not determine when the letters were sent, did not see the letters before they were sent, did not know to whom the letters were going, and had no direct personal involvement in the mailing. The letters were false and misleading within §1692e(3). Clomon was followed by the Seventh Circuit in Avila v. Rubin, 84 F.3d 222, 228 (1996). "An unsophisticated consumer, getting a letter from an "attorney,' knows the price of poker has just gone up. . . .[T]he attorney [ ] is better positioned to get the debtor's knees knocking." Id. at 229.

> A letter from an attorney implies that a real lawyer, acting like a lawyer usually acts, directly controlled or supervised the process through which the letter was sent. That's the essence of the connotation that accompanies the title of "Attorney." A debt collection letter on an attorney's letterhead conveys authority. Consumers are inclined to more quickly react to an attorney's threat than to one coming from a debt collection agency. It is reasonable to believe that a dunning letter from an attorney threatening legal action will be more effective in collecting a debt than a letter from a collection agency. The attorney letter implies that the attorney has reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action. And the letter also implies that the attorney has some personal involvement in the decision to send the letter. Thus, if a debt collector (attorney or otherwise) wants to take advantage of the special connotation of the word "attorney" in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure than an attorney has become professionally involved in the debtor's file. Any other result would sanction the wholesale licensing of an attorney's name for commercial purposes, in derogation of professional standards[.]

Id. Brandon licensed his name without becoming professionally involved in the file.

Clomon and Avila were followed by the Seventh Circuit in Nielsen v. Dickerson, 307 F.3d 623 (7th Cir. 2002). There, Dickerson conducted a superficial three-level review of the

2

data forwarded by the creditor but was not familiar with the particulars of any consumer's file and was not prepared to pursue the case himself.

> In sum, although an unsophisticated consumer would have construed Dickerson's letter to reflect an attorney's professional judgment that her debt was delinquent and ripe for legal action, *see Avila*, 84 F.3d at 229, in fact Dickerson had made no such assessment. Dickerson knew nothing about the debtor and her potential liability beyond what Household had conveyed to him; and Household provided Dickerson only the bare information that Dickerson required in order to complete the blanks in his form letter. Here, as in *Avila*, Dickerson, in his capacity as an attorney, was not the true source of the letter. 84 F.3d at 230. The letter thus ran afoul of 1692e(3) and (10).

Id. at 638

The Clomon line of cases was once again reaffirmed by the Second Circuit in Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 301, 304-07 (2d Cir. 2003) (if no legal judgment was involved in the decision to send the letters, the letters would not meaningfully be "from" the identified attorney). Defendant here did *less* than the defendants in the two seminal cases – indeed, nothing at all. He merely allowed the use of his name and stature as an attorney as an *in terrorem* collection device. That has been a well-recognized violation for many years.

## II. THE AFFIRMATIVE DEFENSES ARE WITHOUT MERIT

Defendant asserted the statute of limitations defense. Since the letter was dated November 2001, and this suit was filed August 30, 2002, the one-year statute of limitations was satisfied and provides no defense. 15 U.S.C. § 1692k(d).

Defendant asserted defenses relating to other pending proceedings which were briefed in connection with his Motion for Summary Judgment, Doc. No. 28. Plaintiff believes the defenses are without merit.

Defendant conclusorily asserted an "unintentional error" defense but did not relate it to any of the specific allegations in the complaint. The form letter was sent intentionally. Moreover, the defense (as with the other defenses) is ineffectual because it does not contain a

3

short and plain statement of any facts supporting the defense, as required by Fed. R. Civ. P. Rule 8. Schechter v. Comptroller of City of New York, 79 F.3d 265, 270 (2d Cir. 1996) (affirmative "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy").

CONCLUSION

Partial summary judgment as to liability alone should enter in favor of plaintiff. Because defendant's letter flouted long-standing law, and he is an attorney charged with knowledge of that law, the matter should be set down for a jury hearing as to punitive damages.

THE PLAINTIFF

BY_____/s/ Joanne S. Faulkner_____
JOANNE S. FAULKNER ct04137
   123 Avon Street
   New Haven, CT 06511-2422
   (203) 772-0395
   j.faulkner@snet.net

This is to certify that the foregoing was mailed on July 24, 2004 postage prepaid, to:

Jonathan D. Elliot
P. O. Box 763
Southport CT 06490

____/s/ Joanne S. Faulkner____
Joanne S. Faulkner

4