UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS,
  Plaintiff,

VS.                      Civil No. 3:02 CV 01537 (AVC)

MARVIN BRANDON,
  Defendant.

FILED
2004 AUG 10 P 3:39
U.S. DISTRICT COURT
HARTFORD, CT.

### RULING ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is an action for compensatory and punitive damages. The plaintiff, Eveline Goins, claims that the defendant, Marvin Brandon, unlawfully attempted to collect a debt from her in violation of the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. § 1692, the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-800, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

Brandon now moves for summary judgment on his affirmative defense that the present action is barred by a pending Goins suit. The issue presented is whether Goins' legal actions share a common nucleus of operative fact such that her filing of two independent suits represents an improper splitting of claims.

For the reasons hereinafter set forth, the court concludes that Brandon has not established that Goins' claims are sufficiently duplicative to warrant summary judgment. The motion is therefore, DENIED.

### FACTS

Examination of the complaint, affidavits, pleadings,

Local Rule 56(c) statements, and response thereto, disclose the following undisputed, material facts.

On June 20, 2002, Goins filed a lawsuit against JBC & Associates, P.C., Jack H. Boyajian and Marvin Brandon ("the prior action") in the United States District Court for the District of Connecticut,[1] alleging that the defendants initiated unlicensed collection activity in violation of the Fair Debt Collection Practices Act, among others. The suit alleges that the defendants sent a form letter to Goins in an effort to collect upon dishonored checks Goins wrote to Wilson Suede & Leather.

On August 30, 2002, Goins filed the present action against Brandon ("the subsequent action"). Therein, she asserts similar violations based on a second form letter, signed by Brandon, with respect to dishonored Goins checks written to Marshall's-Marmax.

The parties do not dispute that Goins is a consumer and Brandon is a debt collector within the meaning of the FDCPA.

Brandon now moves for summary judgment on his affirmative defense that the subsequent action is barred because Goins improperly split her claims.

---

[1] Eveline Goins v. JBC & Associates, P.C., Jack H. Boyajian and Marvin Brandon., Civil Action No. 3:02 CV 1069 (MRK).

## **STANDARD**

Summary judgment is appropriately granted when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505. The Supreme Court noted that:

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

Celotex v. Cattrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims . . . [and] it should be interpreted in a way that allows it to accomplish this

purpose." Celotex v. Catrett, 477 U.S. 317, 323-324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## DISCUSSION

Brandon argues that summary judgment on his affirmative defense is appropriate because Goins improperly split her claim. He asserts that "[t]he instant action presents the precise situation meant to be avoided by the rule against splitting causes of action - separate actions, alleging the same operative facts, that deplete judicial resources, put the parties to the cost of and vexation of multiple lawsuits, and cause the accrual of unwarranted attorney's fees." Specifically, Brandon argues that the plaintiff's two actions concern the same central issue- "whether [Brandon] violated the FDCPA in allegedly communicating with [Goins] as to certain dishonored checks when [Brandon] was allegedly not licensed as a consumer collection agency in Connecticut."

Goins responds that summary judgment should be denied because "this action and the earlier action each have a different nucleus of operative facts, even though they are brought under the same statutes and are based on some of the same legal theories." Specifically, she argues that she "ha[s] two causes of action, on separate letters seeking different payments on different underlying transactions to different unrelated creditors which were being collected by [Brandon] under different file numbers"

4

and that because "the underlying accounts (allegedly bounced checks), creditors, and file numbers are different, the evidence of violations on the Marshall[']s-Marmax letter will differ factually from the evidence of violations on the separate Wilson Suede & Leather letter."

The rule against claim-splitting requires that two causes of action must be joined in one suit if "the evidence necessary to prove one cause of action would establish the other." United States v. The Haytian Republic, 154 U.S. 118, 125 (1984). The Second Circuit has held that claim splitting will lead to preclusion where "the same or connected transactions are at issue and the same proof is needed to support the claims in both suits, or, in other words, whether the facts essential to the second suit were present in the first suit." Curtis v. Citybank, N.A., 226 F.3d 133, 139 (2d Cir. 2000). A dispositive motion based on improper claim-splitting "need not - indeed, often cannot - wait until the first suit reaches final judgment." Hartsel Springs Ranch v. Bluegreen Corp., No. 00-B- 1653, 2002 WL 1554456 at *3, n. 1 (10th Cir. July 16, 2002). As a result, "in the claim-splitting context, the appropriate question is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." Id.

"Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is

5

still pending," a district court has a number of options when faced with duplicative litigation, including to "stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." Curtis v. Citybank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). If claim-splitting is involved, simple dismissal is also appropriate because "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Curtis v. Citybank, N.A., 226 F.3d 133, 138-139 (2d Cir. 2000).

Brandon has failed to carry his burden to establish that, under the test outlined by the Second Circuit in Curtis v. Citybank, N.A., 226 F.3d 133, 139 (2d Cir. 2000), the "facts essential to the second suit are present in the first." In Connecticut, engaging in debt collection activity while unlicensed by the Consumer Collection Agency constitutes a violation of the FDCPA. See, e.g., Gaetano v. Payco of Wis., Inc., 774 F.Supp. 1404, 1414-1415, 1415 n.8 (D.Conn. 1990). Based on the evidence currently before the court, though Goins has alleged two similar violations, it is not apparent that she needs to introduce the Marshall's-Marmax collection letter, nor the factual circumstances surrounding it, which collectively form the factual basis of the subsequent action, to establish liability in the prior action. Rather, it appears that the

two letters could constitute independent wrongs, arising from separate nuclei of operative fact. Because at this time the court is unable to determine what preclusive effect, if any, a judgment in one action will have on the other, granting Brandon's motion for summary judgment would be inappropriate.

### CONCLUSION

For the foregoing reasons, Brandon's motion for summary judgment is DENIED.

It is so ordered, this 10th day of August, 2004 at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge