UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:02 CV 01537 (AVC) |
| vs. | : | |
| MARVIN BRANDON | : | AUGUST 24, 2004 |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION
OR IN THE ALTERNATIVE, TO STAY</u>**

**PRELIMINARY STATEMENT**

In 1996, plaintiff Eveline Goins allegedly wrote more than twenty (20) checks dishonored for insufficient funds.  Defendant, an attorney employee of a New Jersey law firm, JBC & Associates, P.C. ("JBC") participated in attempts to collect some of the checks.  The firm's collection activities involved letters sent to the plaintiff during 2001.

Following her bankruptcy, the plaintiff retained counsel to pursue alleged violations of the Fair Debt Collection Practices Act.  She filed an action against JBC and two of its attorneys, defendants Boyajian and Brandon, now captioned <u>Goins v. JBC & Associates, P.C.</u> et al, Civil Action No.: 3:02 CV 1069 (MRK).  The filing was made June 20, 2002 and readily could have encompassed all of the collection activities directed to plaintiff by JBC, including those which are the subject of this action.

Instead, the plaintiff chose to file a second action , the instant action, based upon collection efforts from the same law firm that was the subject of the First Action.  Although Plaintiff's counsel did not name two of the three defendants from the First Action in this second, the nature of the potential claims were virtually identical, claims

which all could readily have been asserted in the First Action. It is clear that the claim upon which plaintiff has moved for summary judgment in this action was available in the First Action as well.

## ARGUMENT

I. THE FDCPA CONTEMPLATES A SINGLE ACTION FOR MULTIPLE VIOLATIONS

In an individual FDCPA action, statutory damages may be awarded up to a maximum of $1,000. 15 U.S.C. §1692k(a)(2)(A). Only a single violation need be shown in order to establish liability. However, the factors involved in fixing the amount of statutory damages are, among other relevant factors, "the <u>frequency</u> and <u>persistence</u> of noncompliance by the debt collector, the nature of the non-compliance was intentional." 15 U.S.C.§1692k(b)(1) [emphasis added]. This provision calls for the plaintiff to demonstrate multiple violations in the hope of enhancing the statutory damage award to its statutory maximum of $1,000.

An FDCPA action contemplates that all collection activity between a particular debt collector and a particular debtor be subsumed in a single action. That a violation occurs in different letters, different telephone conversations and in a variety of third-party contacts does not transform a single cause of action into multiple lawsuits. The suggestion that a plaintiff faced with multiple violations may instead choose to carve up such claims into multiple actions does nothing more than unnecessarily multiply litigation and circumvent the $1,000 statutory damage limitation under the FDCPA.

This notion is consistent with the maximum limitation on statutory damages and with judicial efficiency and economy, a principle at the heart of the rule against splitting causes of action. That rule does not permit the plaintiff to pick and choose some of the

defendant's collection activity for one action and other such activity between the same parties for another. Any claim that the second action is a based on a different letter, or a different debt or overlapping but slightly different legal theories is pure artifice. Based upon such meaningless distinctions, a plaintiff's counsel could expand the litigation to a nearly endless number of separate cases in order to artificially enhance claims to statutory damages while resulting in unnecessary duplication, effort and attorney's fees for the defendants and the Court.

    The defendant's point in this regard is further borne out by the law of res judicata. Because the collection activity supporting this action occurred before the filing of the First Action, there is little difficulty in determining that the claims in this action could have been asserted in the First Action, and that such action should have res judicata effect on the instant action.

    The res judicata effect of a judgment in one action extends, not only to the claims which were made in the First Action, but to claims which <u>could</u> have been made See e.g. <u>Kremer v. Chemical Construction Corp.</u>, 102 S. Ct. 1883 (1982) [res judicata precludes parties or their privies from relitigating issues that were or could have been raised in earlier action]; <u>Johnson v. Ashcroft</u>, 2004 WL 1752587 (2d Cir. 8/5/04) [a litigant must advance all available evidence and legal argument relating to a claim or controversy in the context of a single proceeding]; <u>Perez v. Danbury Hospital</u>, 347 F.3d 419 (2d Cir. 2003) [precludes relitigation of claims that could have been made in prior proceeding]. As a result , the instant action should be subject to dismissal, even without prejudice.

    Even, however, if there were any difficulty in determining the res judicata impact of the First Action, the Court need not impose upon the parties the burden of trying the

instant action while one waits to see whether the First Action will be dispositive of the second. In another instance in which plaintiff's counsel employed the tactic of splitting causes of action, <u>Salib v. I.C. System, Inc.</u>, 2002 WL 31060368 (D. Conn. 2002), Judge Hall elected to dismiss the second action without prejudice to its restoration to the docket if it were not barred as a result of a prior action. Alternatively, a stay of the instant action, if it is not dismissed, would achieve the same economy of effort.

In ruling on the basis that the Court can't tell whether the first action precludes the second, the Court precludes the parties from receiving the benefits of the economies of the rule again splitting causes of action. If the court must await the resolution of both actions in order to determine whether the second action should fail, the underlying purposes of the prior pending action doctrine or the rule against splitting causes of action are completely undermined, serving only the plaintiff's objective of circumventing damage limits, burdening the defendant with unnecessary litigation and generating unnecessary fees for the plaintiff's attorney.

## **CONCLUSION**

For the foregoing reasons and in the interest of justice and judicial economy, the defendant requests that the Court reconsider its August 10, 2004 ruling, that the Court

enter summary judgment for the defendant, or alternatively, dismiss the action without prejudice or stay the action pending the disposition of the First Action.

             Respectfully Submitted

    By:_____
      Jonathan D. Elliot
      Fed. Bar No. CT 05762
      Kleban & Samor, P.C.
      2425 Post Road
      Southport, CT 06890
      (203) 254-8963

CERTIFICATION

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 24th day of August 2004 to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

                                        _____
                                        Jonathan D. Elliot

Jbc\GoinsII \ple\Memo in support of mot recon082404