UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


EVELINE GOINS

v.                                                    CASE NO. 3:02CV 1537 (AVC)

MARVIN BRANDON                                        August 30, 2004

## PLAINTIFF'S OPPOSITION TO MOTION
## FOR RECONSIDERATION/STAY


Defendant's Motion for Reconsideration (Doc. No. 56) should be denied because it

does not meet the standards for reconsideration.  "A motion for reconsideration cannot be

employed as a vehicle for asserting new arguments . . . that could have been adduced

[previously]."  LoSacco v. City of Middletown, 822 F. Supp. 870, 877 (D. Conn. 1993), aff'd,

33 F.3d 50 (2d Cir. 1994). Its function is to correct manifest errors of law or fact, not merely to

"plug[] the gaps of a lost motion." Id. Nor does defendant's motion comply in any respect with

D. Conn. Local Rule 7(c) (motions for reconsideration).

Defendant's motion makes no new legal or factual arguments. It is largely based on "res

judicata" even though (1) there is and will be no judgment on the claims raised herein, which

involve collection efforts on defendant's separate account for a separate creditor not involved

in the prior proceeding; and (2) res judicata has been waived by failure to plead it as a defense.

*See*, *e.g.*, Curry v. City of Syracuse, 316 F.3d 324, 330-31 (2d Cir. 2003) ("[C]ollateral

estoppel, like res judicata, is an affirmative defense. As such, it normally must be pled in a

timely manner or it may be waived").  As plaintiff noted in her Motion for Leave to

Supplement, Doc. No. 46, defendant's counsel vigorously asserted at a deposition that this

action is wholly separate from the prior action:

page 98

6    Q    Did any attorney review Exhibit N
        [Letter dated Nov. 22, 2001 re Wilson Suede, First Suit]
  or Y

        [Letter dated Nov. 22, 2001 re Marshall's-Marmax – this Second Suit]
7   before they went out?
8      A    I'm not going to answer that question.
9   They don't relate to this matter.
10      MR. ELLIOT:  Well, it's true, they do not
11   relate to this matter in any way, shape or form.
12   Those letters are the subject of other lawsuits.

Defendant is understandably concerned about collateral estoppel ("issues" that may be decided

in the prior action) rather than res judicata ("claims" about a different account and creditor).

Defendant's motion for stay has long since been waived. This action was filed some

two years ago. The docket lists over 57 documents, including defendant's unsuccessful motion

for summary judgment and plaintiff's pending motion for summary judgment.  The motion for

stay is belated and shows no good cause at this late date. It is a transparent effort to forestall

resolution of a significant FDCPA issue to which defendant has no possible defense – whether

"his" letter was deceptive because he was not meaningfully involved in the collection efforts.

Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003), citing Clomon v.

Jackson, 988  F.2d 1314, 1321 (2d Cir. 1993) and Nielsen v. Dickerson, 307 F.3d 623, 638 (7th

Cir. 2002).

CONCLUSION

Defendant's Motion for Reconsideration and Stay/ Dismissal should be denied, since it

is without good cause.

THE PLAINTIFF


BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT  06511
(203) 772-0395
j.faulkner@snet.net


This is to certify that the foregoing was mailed on August 27, 2004, postage prepaid, to:


Jonathan D. Elliot
Sabatino P. Fiano
P. O. Box 763
Southport CT 06490


__/s/ Joanne S. Faulkner____
Joanne S. Faulkner


3