UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EVELINE GOINS | : | CIVIL ACTION NO. |
| | : | 3:02 CV 01537 (AVC) |
| vs. | : | |
| MARVIN BRANDON | : | September 15, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Nearly two dozen dishonored checks allegedly written by plaintiff Goins were placed for collection with a New Jersey law firm JBC & Associates, P.C. ("JBC") After receiving the placement and reviewing the transaction information supplied by the creditor and sorting acceptable files from those to be returned to the creditor for a variety of reasons, JBC, under the supervision of an attorney, produced letters to go to the consumer in accordance with predetermined parameters. Certain letters went to Ms. Goins over the name of Marv Brandon, a salaried employee attorney of JBC. Brandon, as do other attorneys for JBC, responds to correspondence from consumers' attorneys or otherwise deals with the consumer disputes. The JBC attorneys are involved with supervision of collection counsel in states other than New Jersey where JBC has referred files for litigation authorized by its clients. Brandon serves as counsel of record in some cases. See generally, Declaration of Jack H. Boyajian submitted herewith.

Plaintiff Goins received numerous letters from JBC, some of them over the name

of Marv Brandon. In June 2002, Goins sued JBC, Brandon and another JBC attorney, Jack Boyajian, in Civil Action 3:02 CV 1069, currently pending before Judge Kravitz (the "First Action") concerning a letter over Marv Brandon's name with virtually identical text to the letter purportedly at issue in this case. The collection activity at issue in this case occurred before the First Action was commenced. The claim being advanced in this action is clearly a claim which could have been made in the First Action in which plaintiff alleged that defendants had "violated the FDCPA." The claims in the two actions are believed to be virtually identical, in that they concern virtually identical letters, both sent over Brandon's name. However, the plaintiff's counsel instead commenced this duplicative action, not out of any inability to pursue the claim in the First Action, but as a matter of choice, intending to burden the defendants with multiple litigations.

In sum, the plaintiff's motion does not resolve questions of fact, it merely raises them. There is no basis on which to say that the letters misrepresent the involvement of an attorney or law firm in the collection process as a matter of law, when in fact a law firm is actually involved, that file data is reviewed, attorneys are utilized to respond to correspondence with other attorneys, or consumers, where necessary, professional judgments are made, accounts are evaluated for suit and accounts are referred to local counsel for litigation and managed thereafter.

## ARGUMENT

### I.   Introduction

The gravamen of the plaintiff's claim presented in the instant motion is that the letter in question would make a consumer debtor believe that the letter is from an

attorney when it is allegedly not from an attorney "in any meaningful sense."  This is an issue which is highly fact sensitive, and to sustain a motion for summary judgment, plaintiff must establish that the facts, even when viewed in the light most favorable to the defendant, demonstrate that plaintiff is entitled to judgment as a matter of law. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)  Plaintiff must establish her entitlement both with respect to her claim, and with respect to any affirmative defenses raised in the pleadings.  Plaintiff has done neither.

II. **Plaintiff Raises A Claim Which Could Have Been Raised In The First Action And As To Whch The First Action Will Have Res Judicata Effect**.

Ms. Goins' First Action is based upon the FDCPA using a Complaint which is substantially similar in its breadth to the Complaint in the instant action.  Although the Complaint in this action adds some specific allegations which could have been made in the First Action, both Complaints essentially state that the defendant has violated certain sections of the FDCPA in its collection efforts directed the plaintiff Goins.  In each case, Ms. Goins is focusing on a letter from JBC, bearing Attorney Brandon's name.  The text of those letters are virtually identical, as are the legal issues raised thereby.  In sum, the issue raised in the instant motion is an issue which is also present, and should have been raised, in the First Action.  Fink v. Magner, 988 F.Supp. 74, 78 ["Res judicata prevents the pursuit of any claims relating to [a] cause of action which were actually made *or might have been made.*"] (Emphasis added) (internal citations and quotations omitted).

The decision to bring a separate, second action was not a matter of necessity; it was a matter of choice.  There never was a need for this second action.  All of the facts necessary to this second action brought in August 2002 were either known or available to the plaintiff at the time of the filing of the First Action in June 2002.  This second letter is

3

germane to the First Action because if a violation is found in the first action, statutory damages will be determined based upon, among other things, the frequency of the violations. See 15 U.S.C.§1692(b). The only reason to file such a second action was to burden the defendant with additional, duplicative litigation (a potential violation of 28 U.S.C. §1927), and/or to circumvent the single action statutory damage limitations of 15 U.S.C. §1692k(b).

Defendant, in a prior Motion for Summary Judgment, submitted that this unnecessary and inappropriate splitting of the plaintiff's cause of action entitled him to judgment as a matter of law. The Court, when faced with that question, and required to view the facts in a light most favorable to the plaintiff, concluded that it was unable to resolve the issue one way or another. Ruling dated August 10, 2004 ["Because, at this time the Court is unable to determine that preclusive effect if any, a judgment in one action will have on the other, granting Brandon's motion for summary judgment would be inappropriate."] On the plaintiff's motion, with the facts viewed in the light most favorable to the defendant, the affirmative defense cannot be ignored, especially based upon the plaintiff's non-argument that "Plaintiff believes the defenses are without merit." Certainly, at a minimum, the same questions which precluded the granting of the defendant's motion for summary judgment preclude summary judgment here as well.

### III. Plaintiff's Reliance On The "Meaningful Involvement" Line Of Cases Is Misplaced

Plaintiff refers the Court to what she terms the "seminal case," Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993). In Clomon, the defendant attorney was employed part-time by a collection agency that sent mass mailings out over the attorney's name without any employee of the agency reviewing the relevant debtor file.

4

This was a case of an attorney lending his name to a collection agency to transform what would otherwise be ordinary collection agency letters into letters from an attorney even though the attorney was completely uninvolved in the collection process. Id. In this regard, the attorney in Clomon played virtually no day-to-day role in the debt collection process.

Unlike the Clomon case, Ms. Goins' account was placed with JBC, a law firm. Even though Mr. Brandon may not have personally reviewed Ms. Goins' file at the time the letter was sent, a review of that file would have been performed by another attorney in the office. Also, unlike Attorney Jackson in Clomon, Brandon is involved in the day-to-day collection activities of the JBC office in responding to attorney disputes and/or managing local counsel in their collection activities. Further, the letter in question, unlike the letter in Clomon, does not state that Brandon personally has had actual discussions or engaged in any particular analysis about Ms. Goins' account.

Similarly, in Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996), the attorney in question was an 80% owner of the collection agency thereby having a "cozy relationship" with the "referring collection agency." Attorney Rubin, too, was uninvolved with the collection process. The Avila decision looked for attorney involvement in the collection activities which could have included "approving the sending of letters based upon the recommendations of others." 84 F. 3d at 228. Brandon has no such "cozy relationship" with a collection agency, and is otherwise involved in the collection process even if other counsel were responsible for the file review and decision making prerequisite to the mailing of letters.

Plaintiff also cites Neilsen v.Dickerson, 307 F. 3d 623 (7th Cir. 2002) in which Attorney Dickerson sent an attorney letter on behalf of a creditor but was otherwise uninvolved in the creditor's collection process (e.g. he did not receive or process payments or handle disputes), was not empowered to respond to inquiries from consumers or their counsel and received a small fee per letter. This, too, is a completely different situation than presented in the instant case. JBC was actively engaged in the collection of bad checks, performed file review, had an attorney decide that a particular letter or letters were appropriate, had authority to resolve accounts and exercised judgment about potential suits.

Lastly, the plaintiff points to Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292 (2nd Cir. 2003) in which there was no finding that an attorney did not have "meaningful involvement." Instead, the Court of Appeals reversed a grant of summary judgment which had been entered before the completion of discovery. The Court concluded that summary judgment could not enter due to the existence of questions of fact. Other courts have also denied summary judgment on such claims due to questions of fact. E.g. Dalton v. FMA Enterprises, Inc., 953 F. Supp. 1525 (M.D. Fla 1997); Nance v. Lawrence Friedman, P.C., 2000 WL 1230462 (N.D. Ill). If, as courts have suggested, that the review process may be delegated to paraprofessionals, or even a computer system, under an attorney's supervision, Boyd v. Wexler, 275 F. 3d 642, 647-8 (7th Cir. 2002), then certainly the review function could be assigned to another attorney in the same office. Summary judgment for the plaintiff is not warranted here.

## **CONCLUSION**

For the foregoing reasons, the plaintiff's motion for partial summary judgment should be denied, and the Court, in light of the existence of the First Action, should dismiss this second action, at least until such time as the Court can determine whether the First Action is to be given res judicata effect.

            Respectfully submitted

     By:_____
       Jonathan D. Elliot
       Fed. Bar No. CT 05762
       Kleban & Samor, P.C.
       2425 Post Road
       Southport, CT 06890
       (203) 254-8963
       Attorney for the Defendant

CERTIFICATION

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 15th day of September 2004 to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

_____
Jonathan D. Elliot