UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                             CASE NO. 3:02CV 1537 (AVC)

MARVIN BRANDON                                    September 23, 2004

REPLY IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff's motion for summary judgment was based on her claim that defendant Marvin Brandon violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, by sending her a 2001 demand letter with only his name appearing thereon four times, even though he had no involvement in sending the letter, had not reviewed plaintiff's file, had no intention to sue, and had made no determination about whether suit was appropriate. Defendant Brandon has filed no affidavit in opposition to this claim.

Nonparty Jack Boyajian has filed a Declaration, which does not even try to create any issue of fact as to Brandon's non-involvement in this plaintiff's matter. Boyajian merely describes a collection process that seems to be able to run quite well without any meaningful professional involvement by an attorney. Conspicuously absent from his Declaration is any affirmation that any attorney was involved with this plaintiff's particular account.[1]

Whether some attorney other than Brandon was secretly involved in a letter represented to have been sent "by" Brandon has no bearing on Brandon's liability since the essence of the deception is Brandon's own undisputed lack of involvement.

---

[1] The Declaration is in the present tense. Pars. 8, 10, 14, 15, 16, 18 refer to multiple attorneys, even though the only attorneys on staff at the time were Boyajian and Brandon. The two others were added after the date of the letter. Brandon 2003 Dep. at 10; Boyajian Dep. Jan.27, 2004 at 17, copies attached.

The Boyajian Declaration does not meet Rule 56 requirements. First, it does not substantially comply in form with 28 U.S.C. § 1746 which allows an unsworn declaration. See Pollock v. Pollock, 154 F. 3d 601, 612, n.20 (6th Cir. 1998). Second, it is made "to the best of my knowledge and belief." That is insufficient to create admissible evidence. Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 414 (1st Cir. 2000); Chandler v. Coughlin, 763 F.2d 110 (2d Cir 1985) ("information and belief").

Plaintiff's claim stands unopposed. Defendant has not created any issues of fact as to whether the Brandon letter was from Brandon in any meaningful sense, or as to whether the letter misrepresented the involvement of Brandon in the collection process.

Issues about first action. Defendant's Local Rule 56 Statement claims that there are issues of fact as to whether the first action commenced by Goins, as to a different debt and a different creditor, "could" have included the claims in this action and whether a judgment in the first action would have res judicata effect in this action. Defendant is understandably concerned about collateral estoppel ("issues" that were decided in the prior action) rather than res judicata ("claims" about a different account and creditor). See Goins v. JBC & Associates, P.C., 2004 WL 2063562 (D.Conn.) Defendant should also be concerned about judicial estoppel, since Boyajian himself contended in the first action that he was not a debt collector *because* he was not personally involved in the Goins collection.

Defendant is precluded from raising any issue about the first action:

At the deposition of Mr. Boyajian on July 6, 2004, the following colloquy occurred:

```
                            97
 7   Q    So, as of November of 2001, there were
 8   two separate master files for Miss Goins?
 9        A    Apparently.  I think I already
10   testified to that.  I think I showed you that on the
11   master there may have been three. . . .
```

```
18   Q    So as of November 2001, you did not --
19   the files were not merged; is that correct?
20        A    That's correct.
```

                                    98

```
 6   Q    Did any attorney review Exhibit N
              [Letter dated Nov. 22, 2001 re Wilson Suede, First Suit]
       or Y
              [Letter dated Nov. 22, 2001 re Marshall's-Marmax – this Second Suit]
 7   before they went out?
 8        A    I'm not going to answer that question.
 9   They don't relate to this matter.
10        MR. ELLIOT:  Well, it's true, they do not
11   relate to this matter in any way, shape or form.
12   Those letters are the subject of other lawsuits.
```

Here, the focus is on Brandon's conceded noninvolvement as a deceptive practice. Whether anyone else was involved is not relevant to this action. Moreover, there is no admissible evidence that anyone else was involved in the computerized process.

<u>Meaningful involvement.</u> Defendant's attempt to claim factual distinctions with controlling case law does not conceal his inability to dispute the legal issue presented. In sum, JBC is not a law firm in Connecticut; it is an unlicensed collection agency. Brandon lent his name to a letter from a collection agency with which he had a cozy relationship. The situation fits squarely within the prohibitions of <u>Avila v. Rubin</u>, 84 F.3d 222 (7th Cir. 1996).

> The attorney letter implies that the attorney has reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action. And the letter also implies that the attorney has some personal involvement in the decision to send the letter. Thus, if a debt collector (attorney or otherwise) wants to take advantage of the special connotation of the word "attorney" in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure that an attorney has become professionally involved in the debtor's file. Any other result would sanction the wholesale licensing of an attorney's name for commercial purposes, in derogation of professional standards[.]

<u>Id.</u> at 229. Brandon licensed his name without becoming professionally involved in the file.

3

CONCLUSION

Partial summary judgment as to liability alone should enter in favor of plaintiff. Because defendant's letter flouted long-standing law, and he is an attorney charged with knowledge of that law, the matter should be set down for a jury hearing as to punitive damages.

THE PLAINTIFF

BY_____/s/ Joanne S. Faulkner_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on September 23, 2004 postage prepaid, to:

Jonathan D. Elliot
P. O. Box 763
Southport CT 06490

____/s/ Joanne S. Faulkner____
Joanne S. Faulkner

```
                                                                    1

 1                    UNITED STATES DISTRICT COURT
 2                      DISTRICT OF CONNECTICUT
 3
 4       -------------------------------x
         EVELINE GOINS,                 :
 5
                 Plaintiff,             :  Civil Action
 6
             -versus-                   :  3:02CV 1537 (AVC)
 7
         MARVIN BRANDON,                :
 8
                 Defendant.             :
 9
         -------------------------------x
10                                              ORIGINAL
11
12
13
14              Deposition of MARV BRANDON, taken
15       pursuant to the Federal Rules of Civil Procedure,
16       at the law offices of KLEBAN & SAMOR, 2425 Post
17       Road, Southport, Connecticut, before Lynn
18       Muscatello, a Notary Public in and for the State
19       of Connecticut on September 5, 2003, at 1:12 p.m.
20
21
22
23
24
25
```

SANDERS, GALE & RUSSELL, INC.
P.O. BOX 1048
NEW HAVEN, CT 06504
203-624-4157        1-800-824-4541

1  Q. Who is located in the New York City
2  office?
3  A. Oh, I don't know.
4  Q. Do you recognize the name Carty
5  (phonetically)?
6  A. No, not offhand.
7  Q. How many lawyers are at the New Jersey
8  office?
9  A. Two.
10 Q. And who are they?
11 A. Jack Boyajian and myself.
12 Q. Is Jack Boyajian admitted in New Jersey?
13 A. No.
14 Q. Does his name appear on the letterhead as
15 being admitted in New Jersey?
16 A. No.
17 Q. How many employees do you have at the New
18 Jersey office?
19 A. I would -- I shouldn't guess. Total
20 employment I would assume is around -- offhand I
21 guess would be about a hundred.
22 Q. What categories do those employees fall
23 into? For instance, bookkeeper, collector,
24 administrator?
25 A. There is some in the administration,

GOINS v. JBC                                                January 27, 2004

```
                                                              Page 1
 1   IN THE UNITED STATES DISTRICT COURT
 2   FOR THE DISTRICT OF CONNECTICUT
 3   --------------------------------x
 4   EVELINE GOINS,
 5                Plaintiff,
 6        -versus-                    : Case No. 3:02CV 1069
                                                    (MRK)
 7
     JBC & ASSOCIATES, ET AL,
 8
                Defendants.
 9
     --------------------------------x
10
11
12
13             Deposition of JACK H. BOYAJIAN, taken
14   pursuant to The Federal Rules of Civil Procedure, at the
15   offices of Sanders, Gale & Russell, 437 Orange Street,
16   New Haven, Connecticut, before Patricia Saya, LSR No.
17   37, a Registered Professional Reporter and Notary Public
18   in and for the State of Connecticut, on January 27,
19   2004, at 10:35 a.m.
20
21
22
23
24
25
```

SANDERS, GALE & RUSSELL                              (203) 624-4157

GOINS v. JBC                                           January 27, 2004

Page 17

```
 1   compliance officer?
 2        A.    We have several attorneys that act in the
 3   capacity of -- in your term, "compliance officer."
 4        Q.    Who are they?
 5        A.    Mark Brandon is one.  Karen Nations and
 6   Karen Wachs are two others, myself, Jack Boyajian.
 7        Q.    How long has Karen Nations been with JBC?
 8        A.    Over a year.
 9        Q.    Where is she admitted to practice?
10        A.    New Jersey, New York, Kansas.
11        Q.    How about Karen Wachs?  How long has she been
12   with JBC?
13        A.    Less than a year.
14        Q.    Where is she admitted to practice?
15        A.    New Jersey, Pennsylvania.
16        Q.    Who is Laurie Brown?
17        A.    I believe Laurie Brown was at one time an
18   employee and later was used as a pseudo name for a
19   collector.
20        Q.    Is JBC on the sixth floor or the seventh floor
21   of Broad Street or both?
22        A.    We have space on both levels.
23        Q.    How many employees are there at the
24   Broad Street location?
25        A.    At the moment, I believe there is a total,
```

SANDERS, GALE & RUSSELL                              (203) 624-4157