UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 APR 27 A 11: 31

EVELINE GOINS,
  Plaintiff,

VS.

MARVIN BRANDON,
  Defendant.

Civil No. 3:02CV01537(AVC)

### RULING ON THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This is an action for compensatory and punitive damages. The plaintiff, Eveline Goins, alleges that the defendant, Marvin Brandon, unlawfully attempted to collect a debt from her in violation of the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. § 1692, the Connecticut Collection Practices Act, Conn. Gen. Stat. § 36a-800, and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a.

Goins now moves for partial summary judgment as to liability on her claim, arguing that Brandon violated § 1692e of the FDCPA by sending Goins a false, deceptive, or misleading debt collection letter. The issues presented are: 1) whether a pending Goins suit filed prior to the present action precludes judgment on Goins' present motion for partial summary judgment; and 2) whether the debt collection letter constitutes a false, deceptive, or misleading representation within the meaning of the FDCPA.

For the reasons hereinafter set forth, the court answers in

the negative as to the first issue and in the affirmative as to the second. Accordingly, the motion for summary judgment is GRANTED.

## FACTS

Examination of the complaint, affidavits, pleadings, and Local Rule 56(a) statements, and the responses thereto, discloses the following undisputed, material facts.

Goins is a resident of New Haven, Connecticut. Brandon is an attorney employed by JBC & Associates, P.C. ("JBC"), a law firm located in Bloomfield, New Jersey. Goins is a consumer and Brandon is a debt collector within the meaning of the FDCPA.

On November 22, 2001, JBC sent Goins a debt collection letter, the subject of this action, in an effort to collect upon dishonored checks Goins allegedly wrote to Marshalls-Marmax. The letter includes Brandon's name in the return address fields and a facsimile of Brandon's signature. Brandon did not personally review Goins' account prior to sending the letter and did not personally make the decision to send the letter. Brandon did not personally determine the amount to be demanded in the letter and did not personally intend to sue at the time the letter was sent.

On November 22, 2001, JBC also sent Goins a debt collection letter, the subject of a prior, pending action, in an effort to collect upon dishonored checks Goins allegedly wrote to Wilson

2

Suede & Leather. That letter also includes Brandon's name in the return address fields and a facsimile of Brandon's signature.

On June 20, 2002, Goins filed a lawsuit against JBC, Brandon, and Jack H. Boyajian ("the prior action") in the United States District Court for the District of Connecticut, alleging that the defendants violated the FDCPA in their effort to collect upon dishonored checks Goins allegedly wrote to Wilson Suede & Leather. That action is currently pending before another judge.

On August 30, 2002, Goins filed the present action against Brandon alleging that he violated the FDCPA in his effort to collect upon dishonored checks Goins allegedly wrote to Marshalls-Marmax. On December 15, 2003, Brandon filed a motion for summary judgment on his affirmative defense that the present action is barred by the prior, pending Goins suit. On August 10, 2004, this court denied Brandon's motion for summary judgment, concluding, "[b]ecause at this time the court is unable to determine what preclusive effect, if any, a judgment in one action will have on the other, granting Brandon's motion for summary judgment would be inappropriate."

Goins now moves for partial summary judgment as to liability on her claim that Brandon violated the FDCPA in his effort to collect upon the dishonored checks Goins allegedly

3

wrote to Marshalls-Marmax.

## **STANDARD**

Summary judgment is appropriately granted when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.1991), cert. denied, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rule 56 "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Liberty Lobby, supra, at 247-48, 106 S.Ct. 2505. The Supreme Court has noted that:

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried by a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

Celotex v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**DISCUSSION**

Goins argues that partial summary judgment as to liability on her claim is appropriate because there is no genuine issue of material fact regarding whether Brandon violated the FDCPA. Goins asserts that Brandon violated the FDCPA by sending Goins a debt collection letter that is false, deceptive, or misleading under § 1692e of the FDCPA. Specifically, Goins argues the letter is false, deceptive, or misleading under § 1692e because "[Brandon's] name appear[s] thereon four times, even though [Brandon] had no involvement in sending the letter, had not reviewed plaintiff's file, had no intention to sue, and had made no determination about whether suit was appropriate."

Brandon first responds that partial summary judgment as to liability on Goins' claim is inappropriate because there is a genuine issue of material fact regarding what preclusive effect, if any, a judgment on Goins' prior action will have on the present action. Specifically, Brandon asserts that the court's denial of Brandon's December 15, 2003, motion for summary judgment on the grounds that the court was unable to determine whether a judgment on one of Goins' actions would have preclusive effect on the other should preclude the granting of Goins' motion for partial summary judgment.

The preclusive effect one judgment will have on another is not determined by the order in which the actions are brought, but rather by the order in which the judgments are rendered. See Ellis v. Amex Life Ins. Co., 211 F.3d 935, 937 (5th Cir. 2000) ("[W]hen two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action . . . regardless of which action was first brought.") (quoting Restatement (Second) of Judgments § 14).

Therefore, the court need not await the outcome of the prior-filed Goins action in order to render a judgment on the present action. The court's earlier denial of Brandon's motion for summary judgment does not preclude a judgment on Goins' motion for partial summary judgment.

Brandon next responds that partial summary judgment as to liability on Goins' claim is inappropriate because there is a genuine issue of material fact regarding whether the letter sent over Brandon's signature is false, deceptive, or misleading under § 1692e of the FDCPA. Specifically, Brandon asserts, "[e]ven though Mr. Brandon may not have personally reviewed Ms. Goins' file at the time the letter was sent, a review of that file would have been performed by another attorney in the office." Brandon argues that because another JBC attorney allegedly reviewed Goins' file prior to sending the letter

6

"[t]here is no basis on which to say that the letter[] [is false, deceptive, or misleading because it] misrepresent[s] the involvement of an attorney or law firm in the collection process."

The FDCPA is a strict liability statute and a plaintiff need only show one violation of § 1692e to be entitled to summary judgment. <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2d Cir. 1993). Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ***
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> ***

In order for a debt collection letter to be considered "from an attorney" within the meaning of § 1692e(3), "some degree of attorney involvement is required." <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 301 (2d Cir. 2003). What constitutes "meaningful attorney involvement," <u>id.</u>, is largely a question of fact, but at a minimum "the use of an attorney's signature implies – at least in the

7

absence of language to the contrary – that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent." Clomon v. Jackson, 988 F.2d 1314, 1321 (2d Cir. 1993).

An attorney may "approve the sending of particular letters based upon the recommendations of others" and still comply with § 1692e(3). Clomon, 988 F.2d at 1320; see also Boyd v. Wexler, 275 F.3d 642, 647 (7th Cir. 2001) ("[The FDCPA] can be complied with by delegation of part of the review process to a paralegal or even to a computer program . . . .").

Nevertheless, in order for a letter to be "from an attorney" within the meaning of § 1692e(3) an attorney must exercise "the ultimate professional judgment concerning the existence of a valid debt" of an individual debtor. Boyd, 275 F.3d at 648. "[T]he use of an attorney's signature on a collection letter implies that the letter is "from" the attorney who signed it; it implies, in other words, that the attorney directly controlled or supervised the process through which the letter was sent." Clomon, 988 F.2d at 1321; see also Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996) ("The attorney letter implies that the attorney has reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action. And the

8

letter also implies that the attorney has some personal involvement in the decision to send the letter."). Due to this requirement that the attorney who signs the debt collection letter has exercised a personal, professional judgment regarding the decision to send a letter to the particular debtor, "there will be few, if any, cases in which a mass-produced collection letter bearing the facsimile of an attorney's signature will comply with the restrictions imposed by § 1692e." Clomon v. Jackson, 988 F.2d 1314, 1321 (2d Cir. 1993).

Goins has demonstrated Brandon's complete lack of personal involvement in the decision to send a letter to Goins over his own signature. Although Brandon responds that "a review of that file would have been performed by another attorney in the office" review by another is insufficient to establish any question of fact regarding Brandon's liability, as the attorney who signed the debt collection letter, under § 1692e(3).

Accordingly, no question of material fact exists as to Brandon's liability under § 1692e(3) of the FDCPA.

## CONCLUSION

For the foregoing reasons, the motion for partial summary judgment (document no. 48) is GRANTED.

It is so ordered this 27th day of April, 2005 at Hartford, Connecticut.

　　　　　　　　　　　　　　　　_/s/ Alfred V. Covello_
　　　　　　　　　　　　　　　　Alfred V. Covello
　　　　　　　　　　　　　　　　United States District Judge