UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

EVELINE GOINS
        Plaintiff,

v.

MARVIN BRANDON
        Defendant.

CIVIL ACTION NO.
3:02-CV-01537 (AVC)

OCTOBER 28, 2005

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S FEE APPLICATION

The matter before the court is plaintiff's fee application dated September 8, 2005 in which plaintiff's counsel, Joanne Faulkner, seeks an award of $22,918 in attorney's fees and $664.31 in expenses. Partial summary judgment was granted in favor of the plaintiff by ruling dated April 27, 2005, and the parties then reached a settlement with respect to plaintiff's alleged damages out of court. Thereafter, plaintiff applied for an award of reasonable attorney's fees to be determined by the court under the FDCPA, 15 U.S.C. § 1692k(a)(3). Plaintiff's claim for $22,918 in fees is based on a rate of $350 per hour for 65.48 hours. Defendants object to plaintiff's fee application on the following grounds: (1) the hours spent on the case were excessive; (2) the fee application contains duplicative and wasteful hours; (3) $350 per hours is not a reasonable rate for all tasks billed; and (4) the nature of the case demands overall reduction of the lodestar figure.

## I. BACKGROUND

In September 2002, plaintiff filed a three-page complaint in this case, alleging a violation of the FDCPA in the first count and a violation of state law in the second count (the Creditors' Collection Practices Act, § 36a-645 or the Consumer Collection Agency Act, § 36a-800, and the Conn. Unfair Trade Practices Act, § 42-110a, of the Connecticut General Statutes). This case is the second of three actions plaintiff has filed employing Joanne Faulkner as counsel against the defendant and his employer and colleague, JBC & Associates, P.C. and Jack H. Boyajian, in connection with the defendants' attempts to recover on unpaid debts by the plaintiff. Plaintiff and her counsel filed an action entitled <u>Eveline Goins v. JBC & Associates, P.C., Jack H. Boyajian, Marvin Brandon</u> on June 20, 2002 (No. 3:02-CV-01069 (MRK)(WIG)) and another action entitled <u>Eveline Goins v. JBC & Associates, P.C., Jack H. Boyajian, Marvin Brandon</u> on April 9, 2003 (No. 3:03-CV-636 (JBA)). There is considerable overlap and repetition between and among the three cases which involve the same parties, or subsets of parties, debts unpaid by the same plaintiff, and the same statutory framework.

## II. ARGUMENT

A. <u>The Proposed Attorney's Fees Include Excessive, Duplicative and Wasteful Time.</u>

An attorney's fee award under 15 U.S.C. § 1692k(a)(3) is left to the discretion of the District Court. When determining what constitutes reasonable attorney's fees, the court should consider the degree of success obtained by the prevailing plaintiff (if the plaintiff had only partial or limited success, a reduction in the award of attorney's fees may be appropriate) and the

reasonableness of the hours expended by counsel for the prevailing party. Teng v. Metropolitan Retail Recovery, 851 F. Supp. 2d 61, 70-71 (E.D.N.Y. 1994) (citing U.S. Supreme Court precedent pertaining to the calculation of reasonable attorney's fees). In deciding the reasonableness of attorney's fees, the District Court in Connecticut has considered these additional factors: (1) time and labor expended by counsel; (2) the magnitude and complexity of the litigation; (3) risk of litigation; (4) quality of representation; (5) requested fee in relation to the settlement; and (6) public policy considerations. In re State Police, 1999 U.S.Dist. LEXIS 21491, at *20-21 (D.Conn. 1999). Finally, the starting point for calculating a prevailing party's attorney's fees under 15 U.S.C. § 1692k(a)(3) is known as the lodestar method, which consists of multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Sierra v. Foster & Garbus, 48 F. Supp. 2d 393, 396-97 (S.D.N.Y. 1999).

A strong presumption exists that the lodestar formula (number of hours reasonably expended multiplied by a reasonable hourly rate) represents a reasonable fee. Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air, 478 U.S. 546, 565 (1986). However, the court should "exclude excessive redundant or otherwise unnecessary hours" before awarding fees. Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Gradisher v. Check Enforcement Unit, Inc., No. 1:00-CV-401, 2003 WL 187416, at *2 (W.D. Mich. 2003) (internal citation omitted). Excessive and unreasonable hours may be excluded by either weighing each individual entry or by making an "across-the-board" reduction

in the total number of hours. Kirsch v. Fleet St. Ltd., 148 F.3d 149, 173 (2d Cir. 1998). The court in Carroll v. Wolpoff & Abramson, 53 F.3d 626 (4th Cir 1995) ruled that the language of the statute allows the district court to use its discretion in awarding "reasonable" attorney's fees, and therefore the court is not required to follow the "lodestar formula" (where the court affirmed the district court's decision to award only $500 in attorney's fees where plaintiff had requested nearly $10,000 for "at most a technical violation.").

Plaintiff has billed or proposes to bill, 65.48 hours in a small FDCPA case, involving a technical violation in a single letter, and simple legal issues. Plaintiff's Fee Affidavit includes two hours for time yet to be expended as well as three hours preparing and filing the fee application itself. The actual time purportedly billed is valued at $22,218. Considering her expertise in FDCPA litigation and consumer law, plaintiff's counsel should have been able to perform specific tasks in substantially less time. See Martinez v. Stern, 266 B.R. 523, 543 (S.D. Fla. 2001) (noting a high priced experienced FDCPA attorney could have accomplished the case in less time when reducing the award); Savino v. Computer Credit, Inc., 71 F. Supp. 2d 173, 177 (E.D.N.Y. 1999) (estimating that a reasonable, experienced attorney in FDCPA could have achieved results on a single legal issue with 20 hours of work); Altergott v. Modern Collection Techniques, 864 F. Supp. 778, 781 (N.D. Ill. 1994) (noting the considerable skill and experience of attorney in consumer cases makes the amount of time spent on a relatively simple task "considerably more suspect"). For example, plaintiff's counsel spent 3 hours drafting her brief and affidavit for fees (Pl.'s Aff.), even though she represents herself as an expert in FDCPA

litigation and undoubtedly has been required to provide this information in numerous other cases when seeking to have her fees paid. In fact, in the three cases representing Eveline Goins against the defendants, Joanne Faulkner has filed virtually identical fee applications memoranda and affidavits. A copy of plaintiff's fee applications and affidavits in the two other cases is attached as Exhibits 1 and 2.

In addition, plaintiff's counsel spent an excessive amount of time on various discovery motions, arguments, and extraneous pleadings in such a simple, straightforward case. The court can consider whether the nature of the case is the type that demands extensive discovery, numerous hours of legal research, or extensive efforts to brief or prepare for the case. DiFilippo v. Morizio, 759 F.2d 231, 235–36 (2d Cir. 1985). In doing so, the district court "may look to its own familiarity with the case and its experience generally" to determine whether efforts by plaintiff's counsel were excessive. Id. at 236.

Here, plaintiff's counsel did not need to devote extensive time to discovery and other issues raised in her deposition of Marvin Brandon to establish that there was a violation of the FDCPA in the single letter written in this case. See Savino v. Computer Credit, Inc., 71 F. Supp. 2d 173, 176–77 (E.D.N.Y. 1999) (finding discovery could have been completed in three hours where there was a single issue as to whether a single letter complied with FDCPA requirements). Nor did she need to spend 5.45 hours drafting her motion for partial summary judgment, (Pl.'s Aff.), which was five pages in length. See Gradisher v. Check Enforcement Unit, No. 1:00-DV-401, 2003 WL 187416, at *5 (W.D. Mich. 2003) (comparing the hours billed to the length of the

motions and number of cases cited to reduce the number of hours spent working on them); Savino, 71 F. Supp. 2d at 177 (estimating a highly experienced FDCPA attorney could research and draft a full summary judgment motion in approximately 10 hours). In this case, because plaintiff moved for partial summary judgment in all three of the matters involving these defendants, the framework for the motion was established and repeated. Yet plaintiff's counsel purports to bill 31.45 hours for the three motions for summary judgment in these cases.

Not only did plaintiff's counsel spend an excessive amount of time on tasks related to this case, she also appears to have performed a great deal of duplication and redundancy of labor considering that plaintiff's counsel filed two additional cases against the defendants surrounding the same collection efforts against the plaintiff. For example, plaintiff's counsel devoted 11.14 hours to discovery and the deposition of the defendant in the instant matter (Pl.'s Aff.), when she already had two pending actions against the defendant. Plaintiff's counsel should have already been familiar with the defendants' business methods and practices. This amount of time is excessive considering the one simple technical violation in the single letter written in this case and raises question as to whether discovery was prolonged to fish for information to use against defendants in her other two actions, merely to inflate the time devoted to this fee application, or to cover matters essential to establishing liability in this case.

Along with a five-page motion for partial summary judgment dated July 24, 2004, plaintiff also filed her Rule 56 Statement of Facts with multiple exhibits including transcripts used in the other two pending cases brought against the defendants. Plaintiff filed a four-page

reply memorandum with exhibits including transcripts used in the other two pending cases brought against the defendant supporting her motion for partial summary judgment and also served discovery requests in addition to deposing Mr. Brandon. The file also contains a motion for costs and fees and a motion to withdraw the same, two motions to compel with memoranda and affidavits in support, an objection to motion to compel, an objection to motion to modify scheduling order, a motion for attorney's fees, a memorandum in opposition to motion for attorney's fees and motion for reconsideration, and a memorandum in opposition to motion for reconsideration.

Counsel are expected by the court to exercise some professional restraint and not pursue strategies to increase the cost and complexity of litigation. <u>Argentieri v. Fisher Landscapes, Inc.</u>, 15 F. Supp. 2d 55 (D. Mass. 1998). And in Connecticut, in a case sharply critical of plaintiff's counsel, Joanne Faulkner, the court emphasized that the FDCPA was not intended to create "a cottage industry for the production of attorney's fees." <u>Murphy v. Equifax Check Service, Inc.</u>, No. 3:96 CV 2410 (GLG), 1999 WL 66213, at *4 (D. Conn. 1999). Counsel's handling of the present case is rife with excess and unnecessary acceleration of the time and expense of litigation. Counsel even proposes to charge $4,935 purportedly for 282 emails. No such charge has appeared in the other two fee applications for this plaintiff and no rationale or support is provided to substantiate the need for 282 emails. Defendant's counsel has not received 282 emails in this case and it would appear to contain a gross overstatement on top of staggering redundancy to have nearly $5000 of a $22,000 bill attributed to emailing.

On April 2, 2005, plaintiff's counsel filed a fee application in the third and last matter involving these claims, Goins v. JBC & Associates, P.C., et al. Interestingly, in that case, plaintiff's counsel charged for her time at the rate of only $300 per hour, and submitted a total of 84.07 hours. Defendants filed a memorandum in opposition to said fee application on the grounds that the hours spent on the case were excessive and that the hourly rate charged was not reasonable, among other things. In the instant case, and the first matter, Goins v. JBC & Associates, P.C., et al., plaintiff's counsel has reduced the number of hours for which she seeks reimbursement but has increased her fee to $350 per hour. Plaintiff's counsel's actions raise questions as to whether, given defendants' opposition to her previous fee application, she has downwardly adjusted the excessive, duplicative amount of time she has devoted to these cases, but upwardly adjusted her fee to compensate. Plaintiff's counsel's actions suggest that her fee is arbitrary, transparent, and inconsistent, at best.

This is not the first time that plaintiff's counsel has tried to increase her own fee award. She has been rebuked by the District Court of Connecticut in the past for pursuing litigation to increase her fee award, rather than to vindicate the purposes of the FDCPA. See Artese v. Academy Collection Service, Inc., No. 3:96 CV 2546(GLG), 2000 WL 133733, at *3 (D. Conn. 2000). In fact, she has commenced so many FDCPA actions that the court noted it "g[a]ve rise to a suspicion of barratry and champerty." Id. at *4. Considering her history, the amount of hours expended warrants reduction, especially when the case consisted of one technical violation in a single letter.

### B. The Hourly Rate Is Not Reasonable For The Task Billed.

Some of the hours billed should be calculated by the hourly rate of a paralegal, law clerk or secretary, rather than plaintiff's counsel's expert hourly rate. See Kapoor v. Rosenthal, 269 F. Supp. 2d 408, 414 (S.D.N.Y. 2003) (reducing the billing rate to a paralegal's hourly rate for tasks that could have been performed by a paralegal or clerk rather than the attorney assigned to the case). Counsel employed no staff or legal assistance at all, thereby billing all tasks at her hourly rate rather than the lower rates of a paralegal, law clerk, or secretary. For example, counsel listed more than twelve hours for "call to clerk," "draft summons, complaint cover," "notice depo," etc., which indicates functions not requiring an attorney at $350 an hour. Counsel's failure to employ economical assistance should not allow her to reap financial benefits from the defendant.

In paragraph 8 of Plaintiff's Fee Affidavit, counsel states "[m]y work in connection with these consolidated cases is shown on the schedules attached hereto." The reference to consolidated cases suggests the inherent overlap and redundancy in plaintiff's three lawsuits pending against the defendants at the same time. The last page of the Fee Affidavit, which purports to be the billing statement, contains several cryptic references to what look like clerical tasks, or certainly tasks that do not require the expertise of an attorney who bills at $350 an hour. Examples of apparently clerical work can be found on September 6, 2002 "acknl. mail serv" (.5); October 23, 2002 "to process server" (.25); May 7, 2003 "Notice depo for NJ" (.40); November 19, 2003 "discovery response (1/2 time)" (.3); August 19, 2004 "call to clerk, discuss setl

parameters" (.75); and September 7, 2005 "review time records for accuracy, billing jdg" (1.0). The 5.45 hours moving for summary judgment and the 9.05 hours spent on discovery and deposing Mr. Brandon also exceed reasonable expectations and appear excessive for a case such as this. As stated previously, the 14.10 hours at a cost of $4,935 plaintiff's counsel attributes to "282 emails" is unprecedented and unsupportable. Counsel provides no connection between such a huge volume of emails and anything related to the case. With this volume, counsel could have sent emails everyday for three-quarters of a year, or sent five emails a day for 56 days. There is no basis to credit this charge, but if there were it would be grossly excessive and overstated (especially when other time entries show communications with court and counsel, offers to settle, telephone calls and the like).

What is not recorded is also noteworthy. Counsel has recorded only one entry, a letter on November 13, 2002, indicating any communication with her client, the plaintiff, Eveline Goins, other than preparation for Ms. Goins' deposition. The absence of any record of contact with the client suggests that much of the work was performed without plaintiff's knowledge or approval, bringing into doubt whether counsel would have, or could have, billed the client for these extensive hours which she seeks to charge against the defendant.

C.    The Lodestar Figure Should Be Reduced.

In addition to excluding excessive and duplicative hours, the court may also reduce the lodestar figure in appropriate circumstances. See Hensley v. Eckerhart, 461 U.S. 424, 434–435 (1983); Carroll v. Abramson, 53 F.2d 408, 413 (2d Cir. 1989) (recognizing court's discretion to

adjust lodestar figure since the FDCPA does not mandate a fee in the lodestar award). The party advocating for reduction of the lodestar figure bears the burden of establishing that a reduction is justified. United States Football League v. NFL, 887 F.2d 408, 413 (2d Cir. 1989). The Second Circuit has held that a court can consider the nature of the case when determining whether to reduce the lodestar figure. DiFilippo v. Morizio, 759 F.2d 231, 235–36 (2d Cir. 1985).

Many cases involving FDCPA litigation recognize a lodestar rate lower than plaintiff's claimed rate of $350 per hour. As stated previously, plaintiff herself sought $300 per hour in her fee application in the third and most recently filed action, Goins v. JBC & Associates, P.C., et al., earlier this year without any explanation for increasing her rate nearly 17 percent when much of the work had been performed in this case prior to the work in the third action. In the Southern District of New York, the court would allow recovery for attorneys experienced in consumer advocacy and consumer rights litigation at hourly rates of no more than $225, rather than the requested rates of $320 and $250, in light of the rates charged by comparable practitioners and the consumer price index. See Kapoor v. Rosenthal, 269 F. Supp. 2d 408 (S.D.N.Y. 2003). Debtor's counsel's expenditure of 187 hours involving a single, non-complex legal issue was excessive and lead to a substantial and comprehensive reduction where counsel was experienced in such matters and logged a large number of hours researching routine matters in Savino v. Computer Credit, 71 F. Supp. 2d 173 (E.D.N.Y. 1999). In Withers v. Eveland, 997 F. Supp. 2d 738 (E.D. Va. 1998), the court allowed a fee of $5,380 based on 26.9 hours at a rate of $200 an hour billed by a recognized specialist in this type of case. And in Florida, a reasonable rate for

the debtor's attorney was $200 where debtor's expert opined that an hourly rate between $250 and $325 was reasonable and defendant's expert testified that FDCPA lawyers charged between $195 and $225 per hour, debtor's attorney had limited experience with FDCPA cases and a more experienced FDCPA attorney could have accomplished many tasks in less time where the law at issue was not excessively complex. See In re Martinez, 266 B.R. 523, entered 2001 WL 1175504, affirmed 271 B.R. 696, affirmed 311 F. 3d 1272 (S.D. Fla. 2001).

As discussed above, this case consisted of a single technical violation contained in one letter sent to the plaintiff. There was no allegation of harassment and no showing of any payment by the plaintiff. It did not require extensive discovery, numerous hours of research, or extensive efforts to brief or prepare for the case, especially since plaintiff's counsel is an expert in FDCPA litigation. See DiFilippo v. Morizio, 759 F.2d 231, 235–36 (2d Cir. 1985) (noting that a district court can consider all of these factors when assessing the extent of work necessary for the type of case at issue). Defendant should not have to carry the entire financial burden where the plaintiff's attorney failed to make a reasonable assessment of the case by devoting an unnecessary amount of time to achieve results for the plaintiff. See Altergott v. Modern Collection Techniques, 864 F. Supp. 778, 783 (N.D. Ill. 1994) (reducing the lodestar figure by 50 percent where plaintiff's attorney failed to reasonably assess a relatively minor case by pursuing it in an aggressive manner). Here, plaintiff's counsel claims more than 65 hours to pursue a single technical violation of the FDCPA. Defendant should not have to carry plaintiff's entire

financial burden where counsel pursued the matter in a particularly aggressive manner for such a simple case. Clearly counsel has not billed the plaintiff herself for this time.

In addition, the fact that the defendant's violation consisted of a single technical violation of the FDCPA and did not amount to harassment or ongoing conduct further suggests that a lodestar calculation of $22,918 is inappropriate. A district court may also use its discretion to award fees bearing some rational relationship to the nature of the defendant's violation. See Carroll v. Abramson, 53 F.3d 626, 630 (4th Cir. 1995) (finding no abuse of discretion where the district court reduced the lodestar figure in a nominal damage suit establishing a single technical violation of the FDCPA); Vera v. Trans-Cont'l Credit & Collection Corp., No. 98 CIV. 1866(DC), 1999 WL 292623, at *2 (S.D.N.Y. 1999) (reducing fees from $10,570 to $3,500 where the violation of the FDCPA was a technical one on a bill for only $8.00). Here, defendants committed a technical violation of the FDCPA in a single letter. There was little or no risk the technical violation would not be established. Given the extensive amount of work undertaken by plaintiff in her two other pending actions against defendants, the relative simplicity of the matter at issue in this case, the absence of legal or clerical assistance for numerous tasks, and the minimal risk of loss, a fee award of one-third the amount claimed is appropriate.

### III.   CONCLUSION

Defendants object to plaintiff's fee application and question the extensive amount of time devoted to various tasks in such a simple, straightforward case, especially for an expert in

FDCPA law. Plaintiff's counsel expended excessive, duplicative, and wasteful hours towards a single technical violation of the FDCPA. In addition, plaintiff's counsel unreasonably billed all tasks at a $350 hourly rate (inexplicably $50 more per hour than her time for the other, later-filed matter representing the same plaintiff against the defendant) when some of the tasks could have been performed by a paralegal or law clerk at considerably lower rates. Defendant requests the court to exclude excessive, wasteful, and duplicative hours and/or reduce the lodestar figure to reflect the modest nature of the case and defendant's technical violation.

DEFENDANT,

By: *Peter Reynolds* (signature)
Peter R. Reynolds
Federal Bar Number (ct06535)
MacDermid, Reynolds & Glissman, P.C.
86 Farmington Avenue
Hartford, CT 06105
Tel. (860) 278-1900
Fax (860) 547-1191
preynolds@mrglaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing Motion for Extension was forwarded via first class mail, postage prepaid this 28th day of October, 2005 to the following counsel of record:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511-2422

_____
Peter R. Reynolds

MACDERMID, REYNOLDS & GLISSMAN, P.C.
ATTORNEYS AT LAW
86 FARMINGTON AVENUE • HARTFORD, CONNECTICUT 06105 • TEL. (860) 278-1900 • FAX (860) 547-1191 • JURIS NO. 408391