UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                          CASE NO. 3:02CV 1537  (AVC)

MARVIN BRANDON                              November 4, 2005

PLAINTIFF'S REPLY MEMORANDUM RE ATTORNEYS FEES

Defendant's opposition to the fee application is based on suspicion and innuendo, bereft of the supporting factual material essential to carry defendant's admitted burden of proof to establish that a reduction is justified. Def. Mem. at 11. Most objectionable is defendant's repeated mantra that this case consisted of a "single technical violation" when it was actually intentional misrepresentation of the attorney's involvement – intentional because such misrepresentation is a serious and longstanding violation of the FDCPA.  If this matter were as simple as defendant claims, why did he file multiple summary judgment motions, stonewall discovery, and ignore repeated settlement offers?  Was defendant's strategy to deter counsel from suing him for another victim by running up counsel fees and then asking that they be reduced drastically to one-third of the request? Def. Mem. at 13 makes the same one-third suggestion as made in response to the other two fee applications attached to defendant's Memorandum.

Defendant worked for JBC. He has been sued several times because of his JBC activities. JBC's vigorous resistance to every case is well-known in the consumer protection legal community. See, e.g., Thinesen v. JBC Legal Group, P.C., 2005 WL 2346991 (D. Minn. 2005); Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. 2005); Godfredson v. JBC Legal Group, P.C., 2005 WL 1993947 (E.D.N.C. 2005); Abels v. JBC Legal Group, P.C., 29 F.R.D. 152 (N.D. Cal. 2005); Dunaway v. JBC & Associates, Inc., 2005 WL 1529574 (E.D. Mich. 2005); Still v. JBC Associates, P.C., 2005 WL 1334715 (D.N.J. 2005); Abels v. JBC Legal Group, P.C., 227 F.R.D. 541 (N.D. Cal. 2005); Goins v. JBC & Associates, P.C., 352 F. Supp.2d 262 (D. Conn. 2005); Casden v. JBC Legal Group, P.C., 2005 WL 165383 (S.D. Fla. 2005);  Goins v. JBC & Associates, P.C., 2004 WL 2063562 (D. Conn. 2004); Defenbaugh v. JBC & Associates, Inc., 2004 WL 1874978 (N.D. Cal. 2004); Littledove v. JBC & Associates, Inc., 2001 WL 42199 (E.D. Cal. 2001); Littledove v. JBC & Associates, Inc., 2000 WL 33141223 (E.D. Cal. 2001).

JBC's resistance to paying plaintiff's fees is just as well established. E.g., Casden v. JBC Legal Group, P.C., 2005 WL 165383 (S.D.Fla. Jan. 07, 2005) (awarding $250 as a reasonable hourly fee, and finding 12.5 hours to be a reasonable time to spend on an FDCPA case before discovery that involved negotiations and an offer of judgment; three hours was a reasonable amount of time spent preparing and justifying the attorney fee petition); Defenbaugh v. JBC & Assocs., Inc., 2004

WL 1874978 (N.D.Cal. Aug. 10, 2004) (court rejected the defendant's attacks alleging unnecessary time spent by the consumer's attorneys, awarded hourly rates at the requested amount for experienced counsel of $425 and $400 per hour, and exercised discretion to reduce the time requested on several individual items to reach an award of over $46,000); Butler v. JBC Legal Group, P.C., Civil No. 1:04-cv-2607-BBM (N.D. Ga. Oct. 14, 2005) (copy attached) (rejecting arguments similar to those made herein and finding to be reasonable higher amount of time spent on similar tasks as herein).

    An attorney's fee award serves the purpose of deterring scofflaws and inducing compliance with the law. Defendant, an attorney, should be at the forefront of compliance. He needs a serious reminder of professional obligations, not just an amount that is "a cost of doing business."

    Plaintiff respectfully submits that her opening brief addressed most of the arguments, which she will not repeat herein.

    Def. Mem. at 4 challenges the minimal time spent in separate aspects of the fee application, substantially less than other courts have approved as appropriate. Few cases actually get to the fee application stage. It is not a routine matter. Def. Mem. at 4 also claims the case should have been completed in less time. Defendant would be correct had he not engaged in scorched-earth tactics, including extensive summary judgment practice in a case he now claims was simple and technical.

Indeed, the only specific challenges to any aspect of the time record, Def. Mem. at 9-10, claim that certain activities totaling 3.2 hours, most of which necessitated attorney discretion, should have been done by a (non-existent) clerical person. Defendant also claims that charging for emails at 3 minutes each is objectionable. Def. Mem. at 7. The original defense counsel charges his clients 10 minutes each for reviewing the same email.

     Lodestar. Defendant challenges the lodestar. Def. Mem. at 8. Plaintiff raised the rate to $350 in this case because that amount was awarded by Judge Hall in the interim between the first and later fee applications, and thus becomes the market rate. See ¶ 10 of plaintiff's fee affidavit, Doc. No. 88. District courts may use currently prevailing rates to compensate for delay in payment of fees previously earned. See Missouri v. Jenkins, 491 U.S. 274, 282-84, 109 S.Ct. 2463, 2468-69, 105 L.Ed.2d 229 (1989). Failure to use current hourly rates effectively reduces the fee award and gives defendants an artificial incentive to delay payment. Prevailing counsel should have the benefit of the time value of the fee award, rather than involuntarily giving the defendants the value of the use of money already fully earned by plaintiff's counsel. Defendants should not get a windfall by taking advantage of their own delay; instead, defendants should have an incentive to resolve the merits and fee disputes promptly and amicably. Compare Smith v. Village of Maywood, 17 F.3d 219 (7th Cir. 1994) (court must account for delay between entitlement and fee award

4

by using current rates or awarding interest); Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992) (must adjust for delay in payment).

Plaintiff's fee affidavit also reveals that the undersigned does not charge either her client or her opponent for most client progress reports and short calls, which defendant overlooked in complaining that the *additional* time was not included in the fee application. Def. Mem. at 10.

Def. Mem. 11-12 cites older cases, from other districts, in simpler matters than here. The lodestar, however, is determined by standards in this district.    Plaintiff submits that the time expended in this case was indeed modest. *Compare* DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985) (rejecting 46 hours on pretrial memo, 39 hours of research, and 42 hours on fee application); Perez v. Perkiss, 742 F. Supp. 883 (D. Del. 1990) (11 hours allowed for defending the fee petition); Burch v. Route 44 Volkswagen, Inc., Civil No. H-84-85 (JAC) (D. Conn. Oct. 26, 1988), 15 Conn. L. Trib. No. 6 at 21 (32 hours for fee application reduced by half); Timothy O. v. Board of Education, Civil No. H-89-839 (PCD) (D. Conn. Jan. 9, 1991), 17 Conn. L. Trib. No. 7 ("An appropriate time commitment expended in connection with fees is 15 hours"; 44 hours excessive); Natale v. City of Hartford, 1989 WL 132542, Civil No. H-86-928 (AHN) (D. Conn. Sept. 12, 1989) (out of 65 hours for post-trial work, striking 5 of the 10.5 hours expended on a reply brief in support of fees).

Speculation about duplicative time. Defendant speculates that counsel may have duplicated her work in the two other Goins cases. Def. Mem. at 5. He attaches the fee applications, but cannot point out any duplication, because the cases and issues were different and time records were carefully not duplicated. See Doc. No. 88, entries for 3/17/03 and 11/19/03, for example.

## CONCLUSION

The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. E.g., United States Football League, 887 F.2d at 413. Defendant presented speculation, but **no** evidence. As in the other Goins cases, Defendant requests that the plaintiff's request be reduced to one-third of the amount claimed. Def. Mem. at 13. Instead, the amount should be awarded as requested, the minimal additional time reserved having been exceeded even if no oral argument or hearing takes place.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on November 4, 2005, postage prepaid, to:

Peter Reynolds
MacDermid, Reynolds & Glissman, P.C.
86 Farmington Ave
Hartford CT 06105


__/s/ Joanne S. Faulkner___
Joanne S. Faulkner