UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVELINE GOINS

v.                                          CASE NO. 3:02CV 1537 (AVC)

MARVIN BRANDON                              September 8, 2005

### PLAINTIFF'S FEE APPLICATION

Plaintiff applies for an award of fees against defendant in the sum of $22,918.

3;02cv1537 (AVC). April 24, 2006. This is an action for damages brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. On April 27, 2005, the court granted the plaintiff's motion for partial summary judgment, concluding that the defendant violated the FDCP when he sent the plaintiff a false, deceptive and misleading debt collection letter. The plaintiff's attorney, Joanne Faulkner, seeks an award of $22,918 in attorney's fees and $664.31 in costs pursuant to 15 U.S.C. § 1692k(a)(3), claiming that she worked 65.48 hours at a rate of $350/hour. The defendant objects to the fee application, arguing that: (1) the hours logged are excessive, duplicative and wasteful; (2) the rate of $350 per hour is unreasonable for the tasks billed; and (3) the nature of the case as involving only a single technical violation of the FDCPA demands overall reduction of the lodestar figure. The objections are sustained in part. The starting point for calculating a prevailing party's fees under 15 U.S.C. § 1692k(a)(3) is known as the loadstar method, which consists of multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "Hours that are excessive, redundant, or otherwise unnecessary are to be excluded." Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998). Upon review of the attorney Faulkner's fee affidavit, the court is unpersuaded that the hours logged are excessive or duplicative. Moreover, the record discloses that the defendant forced the escalation of fees through opposing the plaintiff's legitimate discovery demands and by filing a less than persuasive summary judgment motion. However, because attorney Faulkner, within the last year, submitted a fee application in which she billed at a rate of $300 per hour in a similar matter, the objections are sustained to the extent the instant request seeks fees at a rate of $350/hour. For the foregoing reasons, the plaintiff's fee application is GRANTED (document no. 86) to the extent that the plaintiff is entitled to recover $19,644 in attorney's fees, i.e., 65.48 hours at a rate of $300/hour, and $664.31 in costs - for a total of $ 20,308.31. SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.