UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EVELINE GOINS, : | |
|   Plaintiff, : | |
| : | |
| v. : | Case No. 3:02-CV-1537(AVC) |
| : | |
| MARVIN BRANDON, : | |
|   Defendant. : | |

### ORDER TO PAY SANCTIONS

On August 8, 2006, the court granted the plaintiff, Eveline Goins's motion to compel the defendant, Marvin Brandon, to respond to post-judgment interrogatories. On September 28, 2006, the court ordered Brandon, on or before October 12, 2006, to show cause as to why he should not be subject to sanctions for his continued failure to respond to the interrogatories, and further, to request a hearing on this matter, if one was desired. To date, Brandon has not responded the court's order.

"A federal district court possesses broad inherent power to protect the administration of justice by levying sanctions in response to abusive litigation practices." Penthouse Int'l, Ltd. v. Playboy Enters., Inc., 663 F.2d 371, 386 (2d Cir. 1981). Where a party fails to obey an order permitting discovery, the court "shall require the party failing to obey the order. . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37(b). "Provided that

there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991).

In the present case, Brandon failed to respond to Goins's interrogatories, failed to comply with the court's order to respond to the interrogatories, and failed to obey the court's order to explain why sanctions should not be imposed. The court finds no substantial justification or other circumstances that would excuse Brandon's inaction in these matters. Further, having considered Goins's affidavit regarding her costs, the court finds the reasonable expenses caused by Brandon's failure to obey the court's orders to be $633.50. As such, pursuant to Rule 37(b), the court orders the Brandon to pay to Goins the sum of $633.50. Moreover, the court cautions Brandon that more stringent sanctions may be imposed should he continue to disregard the court's lawful orders.

It is so ordered this 8th of November, 2006, at Hartford, Connecticut.

/s/
_____
Alfred V. Covello, U.S.D.J.